## Richmond

COMMONWEALTH OF VIRGINIA, EX REL.,
VINCENT PROSS, COMPTROLLER

V.

BOARD OF SUPERVISORS OF
SPOTSYLVANIA COUNTY, ET AL.

June 17, 1983.

Record No. 801771.

Present: All the Justices.

Karen A. Gould, Assistant Attorney General (Marshall Coleman, Attorney General; Walter H. Ryland, Chief Deputy Attorney General, on briefs), for appellant.

Ronald M. Maupin, County Attorney (Robert W. Ackerman, on brief), for appellees.

POFF, J., delivered the opinion of the Court.

The Commonwealth of Virginia, ex rel. Vincent Pross, Comptroller (the Commonwealth), appeals from an order dismissing its motion for judgment against the Board of Supervisors of the County of Spotsylvania and the former County Administrator (collectively, the Board) as time-barred.

The motion for judgment, dated November 30, 1979, demanded reimbursement of a portion of certain funds advanced to the Board by the Virginia Division of Justice and Crime Prevention, an agency of the Commonwealth. Invoking the provisions of Code § 15.1-552, the Board demurred on the ground the suit was filed more than six months after the Commonwealth's claim was disallowed. Over the Commonwealth's objection, the trial court admitted parol testimony which showed that, although the official minutes of the meetings of the Board did not so reflect, the Board had voted on July 25, 1978, to disallow the claim and had given the Commonwealth written notice to that effect. The trial court held that the Commonwealth was a "person" subject to the time limi-

tation prescribed in the statute, ruled that the limitation was jurisdictional, sustained the demurrer, and dismissed the motion for judgment.

The record reveals several errors in the proceedings below. "[T]he defense that the statutory limitation period has expired cannot be set up by demurrer." Code § 8.01-235. "Upon demurrer, the test of the sufficiency of a motion for judgment is whether it states the essential elements of a cause of action, not whether evidence might be adduced to defeat it." *Lyons* v. *Grether,* 218 Va. 630, 633, 239 S.E.2d 103, 105 (1977). Thus, the demurrer was not cognizable and, even if it were, it raised a purely legal question, in the determination of which receipt of evidence was improper. But these errors were not assigned on appeal, and neither will be noticed in this opinion "as a ground for reversal of [the] decision below." Rule 5:21.

We will reverse the judgment, however, because the trial court erred in holding that the Commonwealth was a "person" subject to the statutory time limitation in issue.

Insofar as relevant here, Code § 15.1-552 provides:

> When a claim of any person against a county is disallowed . . . by the board of supervisors . . . such person . . . may appeal from the decision of the board to the circuit court . . . but in no case shall the appeal be taken after the lapse of six months from the date of the decision . . . .

It is an ancient rule of statutory construction, one consistently applied by this Court for more than a century, that the sovereign is not bound by a statute of general application, no matter how comprehensive the language, unless named expressly or included by necessary implication.

> It is old and familiar law, and is applicable to the *state* as well as the crown, at common law, that where a statute is general, and any prerogative, right, title or interest is diverted or taken from the king, in such case, the king shall not be bound unless the statute is made by express words or necessary implication to extend to him.

*Whiteacre, sheriff* v. *Rector & wife,* 70 Va. (29 Gratt.) 714, 716 (1878); *see* 3 Sutherland, Statutory Construction § 62.01 (4th ed. 1974).

In particular, this rule, most recently applied in *Deal* v. *Commonwealth,* 224 Va. 618, 299 S.E.2d 346 (1982) (Commonwealth not a "person" within the intendment of arbitration statute, Code § 8.01-577), has governed our construction of statutes of limitation. "[N]o statute of limitations has been held to apply to suits by the crown, unless there has been an express provision including it." *Levasser* v. *Washburn,* 52 Va. (11 Gratt.) 572, 576 (1854). *"Nullum tempus occurrit regi,* applies in this state to the Commonwealth, as it does in England to the king." *Taylor & als' Case,* 70 Va. (29 Gratt.) 780, 794 (1878). "[T]he statute of limitations does not run against the State unless expressly mentioned." *Va. Hot Springs Co.* v. *Lowman,* 126 Va. 424, 432, 101 S.E. 326, 329 (1919); *see also Norfolk & W. R. Co.* v. *Supervisors,* 110 Va. 95, 103, 65 S.E. 531, 534 (1909); *Buntin* v. *Danville,* 93 Va. 200, 208, 24 S.E. 830, 832 (1896). The Commonwealth is not named, expressly or by implication, in Code § 15.1-552.

The ruling sustaining the Board's demurrer imposes a time limitation upon the sovereign's power to collect money due the public purse.[1] Code § 8.01-231 plainly provides that "[n]o statute of limitations which shall not in express terms apply to the Commonwealth shall be deemed a bar to any proceeding by or on behalf of the same." That statute is absolute and unqualified. It makes no distinction between so-called "pure" statutes of limitation (those which time-restrict the availability of a remedy) and "special" limitations (those prescribed by statute as an element of a newly-created right).[2] Hence, whether the time limitation prescribed in Code § 15.1-552 is "special" and "jurisdictional", as the Board contends, or merely procedural, it does not operate as "a bar to any proceeding by or on behalf of the [Commonwealth]."[3]

We hold that the Commonwealth is not a "person" subject to the time limitation in issue and that the trial court erred in dis-

---

[1] The Comptroller is empowered under Code § 8.01-196 to "institute and prosecute all proceedings proper to enforce payment of money to the Commonwealth."

[2] *See Harper* v. *City of Richmond,* 220 Va. 727, 738, 261 S.E.2d 560, 567 (1980) (§ 8.01-235 pertains only to rules of pleading and "does not abolish the substantive distinction").

[3] *See City of South Norfolk* v. *Dail,* 187 Va. 495, 504, 47 S.E.2d 405, 409 (1948), where we held that a time limitation in a similar statute, Code § 6043a (now § 8.01-222), was "not jurisdictional to the institution of an action against a city, and that our former decisions so holding should be disapproved and modified to that extent."

missing the Commonwealth's motion for judgment. We will, therefore, reverse the judgment and remand the case for a trial on the merits.

*Reversed and remanded.*