## CIRCUIT COURT OF FAIRFAX COUNTY

Fairfax County

v.

First Virginia Bank

May 6, 1993

Case No. (Law) 123017

BY JUDGE MICHAEL P. MCWEENY

This matter is before the Court on a Rule to Show Cause against First Virginia Bank which was issued upon petition by Fairfax County pursuant to § 58.1–3952(A) of the Code of Virginia, as amended. Appearing at the hearing was Mr. Leroy J. Blackwelder, one of the delinquent taxpayers whose account is subject to the County's tax lien. After hearing argument from all parties, the Court took the matter under advisement. For the reasons set forth more fully below, the Court dismisses the Rule to Show Cause and finds that the County is subject to the provisions of Virginia Code § 6.1–125.3.

The factual background is as follows: the County placed a lien on the bank accounts of four delinquent taxpayers pursuant to its authority to do so under § 58.1–3952. As to each account, the Bank sent an answer to the County acknowledging the tax liens. The Bank's answer indicated that the accounts were joint accounts, it provided the addresses of the co-depositors, and stated that the funds would be held in compliance with § 6.1–125.3(D) until notices of the tax liens were given by the County to the co-depositors. The County responded by filing this Rule to Show Cause asking the Court to order the Bank to pay over the funds.

As a preliminary matter, Mr. Blackwelder's arguments were considered by the Court, but the Court finds that he raises issues of zoning grievances which are not before the Court in this matter. Where there is no case or controversy before the court, any opinion of the Court would be advisory and this Court does not have the jurisdiction to

render advisory opinions. *Erie Insurance Group v. Hughes*, 240 Va. 165, 170 (1990). Therefore, this opinion addresses only the arguments made by counsel.

The issue now before the Court is whether or not Virginia Code § 6.1–125.3(D) applies to county tax liens. The County argues that § 6.1–125.3(D) does not apply because a tax levy is an administrative remedy which is not included in the statutory language: "order of garnishment, attachment, or other levy." In support of its argument, the County relies on *United States v. National Bank of Commerce*, 472 U.S. 713 (1985), Virginia Code §§ 6.1–125.9 and 6.1–125.10, and *Commonwealth v. Spotsylvania*, 225 Va. 492 (1983).

In *National Bank of Commerce*, the United States Supreme Court held that the IRS could levy on a delinquent taxpayer's joint account without notice to the co-depositor where state law gave the delinquent taxpayer an absolute right to withdraw all the funds from the account. The Court stated that state law requiring creditors in garnishment actions to give notice to co-depositors was irrelevant to the determination of the taxpayers rights to his property under the federal tax statutes. *Id.* at 727. The County maintains this matter is like the situation in *National Bank of Commerce* since Virginia Code §§ 6.1–125.9 and 6.1–125.10 by their application permit a party to a multiple-party account to withdraw the funds in the account. Therefore, regardless of § 6.1–125.3(D), under *National Bank of Commerce* the County does not need to give notice to co-depositors when levying against a delinquent taxpayer's jointly-held bank account.

The County maintains further that it is exempt from the requirements of § 6.1–125.3 based on the common law rule that the sovereign is not bound by a statute of general application unless expressly named in or included in the statute by necessary implication. *Spotsylvania*, 225 Va. at 494. The County is a governmental entity whose taxing authority is derived from the Commonwealth. Since the legislature did not make § 6.1–125.3 expressly applicable to the Commonwealth or County, the County should be exempt from the statute.

In opposition, the Bank distinguishes *National Bank of Commerce* and maintains that the County is bound by the provisions of § 6.1–125.3(D) because the statute by its language applies to all liens against multiple party accounts. The Court agrees.

This is a case of first impression before the Court. The Court's primary concern in reaching this decision is the due process rights of

the co-depositors who have property interests at stake. In *National Bank of Commerce*, the United States Supreme Court reasoned that notice was not required to be given to the co-depositors because the federal tax statutes provide a post-seizure hearing opportunity to anyone claiming an interest in property seized for another's taxes. *Id.* at 728–29. *See* 26 U.S.C. § 7426, 26 U.S.C. § 6343(b). The Supreme Court was satisfied that Congress had "balanced the interest of the government in the speedy collection of taxes against the interests of any claimants to the property, and reconciled those interests by permitting the IRS to levy on the assets at once, leaving ownership disputes to be resolved in a post-seizure administrative or judicial proceeding." *Id.* at 729.

Unlike the federal tax statutes, Virginia Code § 58.1–3952 does not provide a remedy of any kind to any person having an interest in the property seized for another's tax liability. And neither party asserted that such a remedy is available to the co-depositors in this case. The Court is not aware that any administrative or judicial proceeding is afforded under Title 58.1, Chapter 39, of the Code to persons other than the delinquent taxpayer whose personal property interests may be affected by a tax levy.[1] On its face, § 58.1–3952 does not contemplate a situation where the property in the hands of a third party is not the sole property of the delinquent taxpayer.

In regard to joint accounts at financial institutions, therefore, due process protection is found in § 6.1–125.3. Virginia Code § 6.1–125.3 is a provision of the Virginia Banking Act relating to the "ownership during lifetime; garnishment, attachment or levy" of multiple party accounts.[2] There are two provisions of § 6.1–125.3 which are pertinent to this matter. The first is subsection (A) which states that:

---

[1] The Court notes that the provisions regarding the sale of delinquent tax lands, § 58.1–3965 *et seq.*, do protect the interests of nondelinquent joint owners of the real property. Virginia Code § 58.1–3967 expressly states that "such proceedings shall be held in accordance with the requirements, statutory or arising at common law, relative to effecting the sale of real estate by a creditor's bill in equity." All persons having an interest in the real property are necessary parties who must be made a party to the suit.

[2] A multiple party account is defined in part as a "joint account," which in turn is defined as "an account payable on request to one or more of two or more parties whether or not mention is made of any right of survivorship." Va. Code § 6.1-125.1(4) and (5). All the accounts in this case are joint accounts.

[a] joint account belongs, during the lifetimes of all parties [to the account], to the parties in proportion to the net contributions by each to the sums on deposit, except that a joint account between persons married to each other shall belong to them equally, and unless, in either case, there is clear and convincing evidence of a different intent.

The second pertinent provision is subsection (D) which relates to orders of garnishment, attachments, and *other levies* against an account held by more than one party. Subsection (D) provides that "if the petitioning creditor [desires] to pursue the question of ownership of such funds held" in a joint account, then the creditor shall have the clerk of court issue a summons and notice to any person having an interest in the account. Subsection (D) further provides that:

[t]he notice to the co-depositor . . . shall contain substantially the following information: "Attached is a copy of the documents served on a financial institution to cause it to withhold money from an account in which you may have an interest. If you wish to protect your interests, you or your attorney should take appropriate legal action promptly."

The Court finds that the language "other levy" clearly includes a county tax lien. "Levy" is a term commonly associated with taxes. If the legislature had intended to exempt tax liens from § 6.1–125.3, then it would have done so either in § 58.1–3952 or § 6.1–125.3 itself. Instead, the legislature applied § 6.1-125.3 broadly to all seizures of funds held in bank accounts; therefore, by implication, a county tax lien comes within the meaning of "other levy."

That the County should not be exempt from the notice requirements of § 6.1–125.3(D) is particularly important in light of the provisions of subsection (A). Subsection (A) creates a presumption under the law that some portion of the funds in a joint account held by a delinquent taxpayer belongs to the co-depositor. Due process of law demands that the co-depositor be given the opportunity to show how much, if any, of the money is owned by him. This provision makes it quite clear that the entire account balance is not the property of the delinquent taxpayer per se. In order to avoid liability on its depositor contracts, the Bank may not pay out funds safely from the account unless the co-depositor is notified of the lien against the funds and has had the

opportunity to protect his interests in the funds.[3] If the County is not held to the standards of § 6.1–125.3(D), then the co-depositors potentially will suffer a taking of their property by the County and will be left without legal recourse.

Finally, the Court finds that the notice requirements impose no hardship on the County.

In summary, the Court dismisses the Rule to Show Cause against the Bank and finds that § 6.1–125.3(D) applies to county tax liens. Although the Rule was filed more than twenty-one days after the Bank acknowledged the tax liens, the County shall have an additional fourteen days from the date of this opinion to comply with the notice requirements of § 6.1–125.3(D). Upon the expiration of fourteen days, if notice has not been served pursuant to § 6.1-125.3(D), then the Bank may consider the liens of no further force and effect as provided for in that statute.

---

[3] The Bank is bound by its depositor contract to protect the interests of each of its depositors. Likewise, the Bank is required to follow the provisions of § 6.1–125.3(D) when it is served with notice of a lien against one of its account holders. If the Bank pays out money in contravention of the notice requirements of the statute, it may be subject to liability for breach of the depositor contract.