# ROBERT D. LUCKETT

### v.

# WILLIAM J. JENNINGS, ET AL.

Record No. 921731

September 17, 1993

Present: All the Justices

*(David McC. Estabrook; A. Hugo Blankingship, III; Gordon, Estabrook, Yeonas & Pesner,* on brief), for appellant.

*Richard N. Rosen (Weiner, Weiner & Weiner,* on brief), for appellees William J. Jennings; James Robert Jennings; and William Bryan Jennings.

*John P. Forest, II (Robert A. McGinnis,* on brief), for appellee Robert A. McGinnis.

JUSTICE KEENAN delivered the opinion of the Court.

In this appeal, we consider whether the trial court erred in sustaining demurrers on the ground that the amended motion for judgment fails to allege a conspiracy to injure the plaintiff's business in violation of Code §§ 18.2-499 to -500.

Robert D. Luckett filed an amended motion for judgment against William J. Jennings, James R. Jennings, William B. Jennings (collectively, Jennings) and Robert A. McGinnis, Jennings's attorney. Luckett alleges, among other things, that he

is in the business of real estate development. He engages in residential and commercial development in Maryland and Virginia through various business entities. In his business as a real estate developer, Mr. Luckett locates and selects parcels of real estate for specific projects, recruits investors and participants in the specific projects, organizes the business entity or entities to perform the development for specific projects, and actively participates in the design, financing, acquisition, construction, development, leasing and sale of specific projects.

Luckett also alleges that, in connection with his business, he entered into an agreement with Jennings to develop two parcels of land in Manassas. Jennings held a 75% interest in the venture, known as Quantum Development Co., Inc. (Quantum), and Luckett held the remaining 25% interest.

For a time during the project, Luckett served both as the president and the construction manager of Quantum. He also personally guaranteed a loan made to Quantum by Dominion Bank of Northern Virginia, N.A. During the construction process, Jennings refused to pay Luckett's salary as construction manager and decided to terminate Luckett from both his positions.

The amended motion for judgment also alleges that Jennings converted corporate opportunities to personal use in order to appropriate Quantum's assets. Luckett asserts that Jennings threatened to foreclose on the property if Luckett did not invest additional substantial sums of money in Quantum. Luckett also claims that, when he refused to invest more money, Jennings foreclosed on the property, thereby converting Quantum's sole asset to Jennings's own personal benefit. Luckett alleges that McGinnis conspired with Jennings in these actions.

In count I, paragraph 30, Luckett alleges that:

The acts of Mr. Jennings, his sons and Mr. McGinnis alleged above were the result of a mutual undertaking of Mr. Jennings, his sons and Mr. McGinnis to willfully and maliciously compel Mr. Luckett to make additional capital contributions against his will and to willfully and maliciously injure Mr. Luckett in his business in violation of Code § 18.2-499.

In the subsequent paragraphs of Count I, Luckett lists other actions, also related to the Quantum project, allegedly taken by Jennings and McGinnis to achieve these results.

The trial court sustained the demurrers to Count I, ruling that it failed to allege injury to Luckett's business. The trial court further ruled that any injury to Luckett resulting from his status as an investor or employee of Quantum is insufficient to sustain a cause of action under Code § 18.2-500. This appeal followed.

■ Initially, we find no merit in Jennings's contention that Luckett's appeal is barred procedurally because he did not note on the final order specific grounds of objection relating to the trial court's ruling. During proceedings on the demurrers, Luckett presented to the trial court a memorandum of points and authorities that discussed, among other things, the reasons why his motion for judgment sufficiently alleged injury to his business. This recitation of his position on the issue, combined with his objection to the trial court's ruling noted on the final order, was sufficient to preserve this issue for appeal.[1] Code § 8.01-384(A).

Luckett argues that paragraph 30 of the amended motion for judgment contains a factual assertion that Jennings and McGinnis injured him in his business. Luckett contends that the issue whether he actually suffered injury to his business as a real estate developer, as distinguished from injuries relating only to his interests in Quantum, could not be resolved on demurrer.

In response, Jennings and McGinnis argue that the trial court properly sustained the demurrers because the motion for judgment fails to allege injury to Luckett's business, as distinct from his personal interest as an investor and employee of Quantum. Citing *Buschi v. Kirven*, 775 F.2d 1240, 1259 (4th Cir. 1985) and *Picture Lake Campground, Inc. v. Holiday Inns, Inc.*, 497 F. Supp. 858, 863 n.6 (E.D. Va. 1980), as well as other cases, Jennings and McGinnis argue that any effect on Luckett's stated interests in the corporate entity, Quantum, is insufficient to sustain a cause of action under Code § 18.2-500. We do not reach this issue on review of the demurrers, however, since we agree with Luckett that his motion for

---

[1] We also find no merit in Jennings's assertion that Luckett's appeal is barred procedurally because he has not stated specifically that he seeks reversal of the trial court's order. Considered in conjunction with the body of his brief, Luckett's request that he be given, ''at a minimum, . . . an opportunity to replead'' his cause of action, represents an implied request for reversal of the trial court's judgment.

judgment sufficiently alleges injury to his business in violation of Code § 18.2-499.

■ In reviewing Luckett's motion for judgment, we first set forth the statutes under which his action is brought. Code § 18.2-499(a) provides, in material part:

Any two or more persons who shall combine, associate, agree, mutually undertake or concert together for the purpose of willfully and maliciously injuring another in his reputation, trade, business or profession by any means whatever, or for the purpose of willfully and maliciously compelling another to do or perform any act against his will, or preventing or hindering another from doing or performing any lawful act, shall be jointly and severally guilty of a Class 3 misdemeanor. Such punishment shall be in addition to any civil relief recoverable under § 18.2-500.

Code § 18.2-500(a), which creates a civil cause of action, provides, in material part:

Any person who shall be injured in his reputation, trade, business or profession by reason of a violation of § 18.2-499, may sue therefor and recover three-fold the damages by him sustained, and the costs of suit, including a reasonable fee to plaintiff's counsel; and without limiting the generality of the term, "damages" shall include loss of profits.

In reviewing the sufficiency of a motion for judgment on demurrer, the trial court is required to consider as true all material facts that are properly pleaded, facts which are impliedly alleged, and facts which may be fairly and justly inferred from the facts alleged. *Palumbo v. Bennett*, 242 Va. 248, 249, 409 S.E.2d 152, 152 (1991); *Bowman v. State Bank*, 229 Va. 534, 536, 331 S.E.2d 797, 798 (1985). Further, a demurrer tests only the legal sufficiency of a pleading, not matters of proof. *Cox Cable Hampton Rds., Inc. v. City of Norfolk*, 242 Va. 394, 402-03, 410 S.E.2d 652, 656 (1991); *Hop-In Food Stores, Inc. v. Serv-N-Save, Inc.*, 237 Va. 206, 209, 375 S.E.2d 753, 755 (1989); *Lyons v. Grether*, 218 Va. 630, 633, 239 S.E.2d 103, 105 (1977).

■ Here, the motion for judgment describes the nature of Luckett's business as a real estate developer, including the specific types

of activities he undertakes in the conduct of his business. The motion for judgment also alleges numerous facts describing actions that Jennings and McGinnis took to injure Luckett in his business.

 While Luckett does not specifically allege the nature of the injury to his business in paragraph 30, he impliedly alleges that there was an injury. In addition, he specifically alleges injury to his business in paragraph 33, setting forth itemized damages, which he claims represent the business injury he suffered.[2] Whether Luckett has a business that is separate and distinct from Quantum, and whether he has sustained injury to that business distinguishable from injury to Quantum, are issues of fact to be resolved at trial, not on demurrer. *See Cox Cable Hampton Rds., Inc.*, 242 Va. at 402-03, 410 S.E.2d at 656; *Drake v. Livesay*, 231 Va. 117, 121, 341 S.E.2d 186, 188 (1986). Finally, if Jennings and McGinnis desire a more definite statement regarding the alleged injuries to Luckett's business, they may obtain this amplification by motion for a bill of particulars. *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24, 431 S.E.2d 277, 279 (1993); *Allen v. Aetna Casualty & Surety Co.*, 222 Va. 361, 363, 281 S.E.2d 818, 819 (1981).

For these reasons, we will reverse the judgment of the trial court and remand this case for further proceedings consistent with the principles expressed in this opinion.

*Reversed and remanded.*

---

[2] Paragraph 33 of the amended motion for judgment states:

By reason of the mutual undertaking of Mr. Jennings, his sons, and Mr. McGinnis, to willfully and maliciously compel Mr. Luckett to make additional capital contributions and to willfully and maliciously injure Mr. Luckett in his business, Mr. Luckett has been damaged in his business in the following particulars:

A. Mr. Luckett has been damaged in his business by the loss of the interest and principal of money lent to Quantum in the approximate amount of FIFTY THOUSAND AND NO/100 DOLLARS ($50,000.00).

B. Mr. Luckett has been damaged in his business by the expenses incurred in recovering his fee as construction manager in the amount of SEVENTY THOUSAND AND NO/100 DOLLARS ($70,000.00).

C. Mr. Luckett has been damaged in his business by the loss of his equity interest in Quantum in the amount of TWO HUNDRED FIFTY THOUSAND AND NO/100 DOLLARS ($250,000.00).