## CIRCUIT COURT OF FAIRFAX COUNTY

Robert D. Luckett

v.

William J. Jennings et al.

February 22, 1994

Case No. (Law) 109062

BY JUDGE J. HOWE BROWN

This case is before the Court on the Plea in Bar as to the Amended Motion for Judgment filed by the Defendants. After hearing oral argument, the Court took the matter under advisement. For the reasons set forth below, the Plea in Bar of the Statute of Limitations is overruled.

Previously, this Court sustained Defendants' Demurrer to the Amended Motion for Judgment finding that the Plaintiff had failed to allege a conspiracy to injure his business in violation of Va. Code §§ 18.2–499 and 18.2–500. Plaintiff appealed the ruling and the Supreme Court of Virginia reversed. Justice Keenan determined that Plaintiff had sufficiently alleged injury to his business in violation of § 18.2–499. *Luckett v. Jennings*, 246 Va. 303 (1993). The injury attributed to the alleged conspiracy constitutes injury to Plaintiff's property since "An injury to one's business is clearly an injury to one's property interest." *Federated Graphics Companies, Inc. v. Napotnik*, 424 F. Supp. 291, 293 (E.D. Va. 1976).

Since Plaintiff's alleged injuries are injury to property, Va. Code § 8.01–243(B) provides the appropriate statute of limitations. This section reads:

> B. *Every action for injury to property*, including actions by a parent or guardian of an infant against a tortfeasor for expenses of curing or attempting to cure such infant from the result of a personal injury or loss of services of such infant, shall be brought within *five years* next after the cause of action shall have accrued.

(emphasis added). The Defendants have argued that despite the plain language of the statute, only direct injuries to property are governed by this section. Although the Federal courts have applied a direct/indirect analysis while applying § 8.01–243(B), Justice Compton has discredited this approach in the Virginia Supreme Court's first interpretation of the section. He stated:

> Moreover, the problem of determining direct or indirect injury has been eliminated . . . Now, under the straightforward provisions of § 8.01–243(B) "every" action for "injury to property" is governed by a five-year statute of limitations.

*Pigott v. Moran*, 231 Va. 76, 80 (1986). Justice Compton's interpretation rejects the convoluted analysis developed in interpreting Va. Code § 8–24 (1950), which was repealed in 1977 and replaced with § 8.01–243.

Since the earliest injuries alleged in the Amended Motion for Judgment were incurred sometime in 1988 and the Motion for Judgment was filed in 1991, the cause lies within the five year statute of limitations period and is timely.

For the foregoing reasons, Defendant's Plea in Bar is overruled.