# CIRCUIT COURT OF FAIRFAX COUNTY

Brandon Debrew

v.

Lexus,
a Division of
Toyota Motor Sales, USA, Inc.

June 5, 1997

Case No. (Law) 154017

By Judge Marcus D. Williams

This matter comes upon Defendant's Demurrer to Count II of the Amended Motion for Judgment, filed on January 23, 1997. After consideration of the pleadings and briefs submitted, as well as the arguments presented at the hearing on May 16, 1997, the Court sustains the Demurrer in part and overrules the Demurrer in part.

## *Facts*

For purposes of this Demurrer, the Court accepts as true the facts properly pleaded in the Amended Motion for Judgment, as well as any reasonable inferences arising from such facts. *Luckett v. Jennings*, 246 Va. 303, 307 (1993); *Bowman v. State Bank of Keysville*, 229 Va. 534, 536 (1985).

On or about March 31, 1994, Plaintiff Brandon Debrew purchased a defective automobile manufactured by Defendant Lexus, a division of Toyota Motor Sales, USA, Inc. Since the purchase date, Plaintiff has returned the defective vehicle to the manufacturer's dealership at least twenty-seven times for inspections and repairs. Plaintiff has relied on Defendant's frequent representations that nonconformities would be repaired. Defendant has failed to conform the vehicle to its applicable warranties, however.

Count I of the Amended Motion for Judgment seeks damages for breach of warranty, and Count II alleges violations of the Virginia Consumer Protection Act of 1977 ("VCPA"). Plaintiff claims that Defendant violated the VCPA in various ways, including by (1) concealing known defects in the braking and other systems, (2) attempting to disclaim in its warranty all incidental and consequential damages, (3) misrepresenting that repairs were properly performed, and (4) refusing to comply with Va. Code § 59.1-207.9 *et seq.*, the Motor Vehicle Warranty Enforcement Act.

*Demurrer*

Defendant demurs to Count II and argues that Plaintiff fails to state a claim under the VCPA for the following reasons: (1) Defendant's failure to disclose defects does not violate the VCPA; (2) the allegation in paragraph 20(b)[1] is conclusory and insufficient for purposes of pleading fraud under the VCPA; (3) Defendant's attempt to disclaim incidental and consequential damages does not violate the VCPA; (4) Plaintiff fails to allege that Defendant misrepresented that repairs were performed; (5) Defendant's refusal to comply with the Motor Vehicle Warranty Enforcement Act does not violate the VCPA; and (6) the allegations of paragraph 20(g)[2] of the Amended Motion for Judgment are vague, indefinite, and conclusory.

## A. *The Duty to Disclose Under the VCPA*

The Attorney General of the Commonwealth of Virginia has opined that the VCPA requires automobile dealers to disclose to their customers the fact that a new automobile has been damaged and repaired or the nature and extent of damages and repairs to used automobiles. The Attorney General reasoned that the:

> failure to disclose the prior wreck or repair of a vehicle would be a form of misrepresentation by silence covered by one or more of the following subsections, in particular, of Section 59.1-200: (E) (characteristics or benefits of goods); (F) (particular standard or

---

[1] Paragraph 20(b) alleges that Defendant violated the VCPA by "[r]efusing to honor express warranties to repair, replace, or adjust defective components for the subject motor vehicle within a reasonable time."

[2] Paragraph 20(g) of the Amended Motion for Judgment alleges that Defendant violated the VCPA by "[u]sing any other deception, fraud, false pretense, false promise, or misrepresentation in connection with Plaintiff's vehicle-related consumer transactions."

quality of goods); (G) (sale of blemished or reconditioned goods not identified as such); and (N) (any other deception, fraud, or misrepresentation).[3]

1985-86 Op. Att'y Gen. 324, 325 (1985). There have been no corrective amendments bearing on these subsections of Va. Code § 59.1-200.[4] Thus, the Court concludes that the legislature has accepted the interpretation of the Attorney General. *See Browning-Ferris v. Commonwealth*, 225 Va. 157, 161 (1983) (explaining that the "failure [of the General Assembly] to make corrective amendments evinces legislative acquiescence in the Attorney General's view").

At the hearing on the Demurrer, Defendant attempted to distinguish the opinion of the Attorney General by pointing out that Defendant is a manufacturer, not an automobile dealer, and that, unlike an automobile dealer, Defendant does not have knowledge of the vehicle's defects. The Amended Motion for Judgment alleges, however, that Defendant-manufacturer knew that the vehicle was defective. *See* Amended Motion for Judgment at paragraph 20(a). This allegation is sufficient for purposes of pleading, and the Demurrer is overruled on this point.

### B. *Allegation in Paragraph 20(b)*

Defendant demurs to the allegation in paragraph 20(b) of the Amended Motion for Judgment,[5] arguing that Plaintiff pleads no facts to support the allegations and that he must plead fraud with particularity. Plaintiff counters that consumer misrepresentation does not require the same specificity as common law fraud. While that may be true, it is unclear from paragraph 20(b) what misrepresentation was made. The Court sustains the Demurrer to paragraph 20(b).

---

[3]  The corresponding provisions of the current statute are Va. Code Section 59.1-200(A)(5) (characteristics or benefits of goods); (6) (particular standard or quality of goods); (7) (sale of blemished or reconditioned goods not identified as such); and (14) (any other deception, fraud, or misrepresentation).

[4]  Review of the legislative history of Va. Code Section 59.1-200 reveals that the General Assembly amended the statute in 1986 to include a provision that addresses the failure of a supplier to disclose all conditions, charges, or fees relating to returned goods. *See* Va. Code Section 59.1-200(Q) (1986). That amendment does not relate to the subject matter of the 1985 Opinion of the Attorney General, discussed above.

[5]  Plaintiff claims in paragraph 20(b) that Defendant violated the VCPA by "[r]efusing to honor express warranties to repair, replace, or adjust defective components for the subject motor vehicle within a reasonable time."

## C. *Disclaimer of Incidental and Consequential Damages*

Paragraph 20(c) of the Amended Motion for Judgment alleges that Defendant violated the VCPA by attempting to disclaim in its written warranty all incidental and consequential damages and thereby misleading Plaintiff with respect to his right to damages. Plaintiff argues that the VCPA[6] specifically prohibits such disclaimers. The Court disagrees with Plaintiff's reading of Va. Code § 59.1-200(A)(13) and concludes that that provision does not prohibit attempts to disclaim incidental and consequential damages. Rather, that statutory provision restricts a supplier's use of penalty and damages clauses that are void or unenforceable under Virginia law. The Court sustains the Demurrer on this point.

## D. *Misrepresentations That Repairs Were Performed*

Defendant contends that the Amended Motion for Judgment fails to allege that Defendant misrepresented that repairs were performed. The Court overrules the Demurrer to Count II on this ground, as it finds that paragraphs 8 and 20(e) allege sufficiently that Defendant made such misrepresentations.

## E. *Refusal to Comply with the Motor Vehicle Warranty Enforcement Act*

Defendant demurs to Count II on the grounds that its refusal to comply with Va. Code § 59.1-207.9 *et seq.*, the Motor Vehicle Warranty Enforcement Act, is not actionable under the VCPA. The Court sustains the Demurrer on this point because the VCPA does not expressly prohibit violations of that Act.

## F. *Allegations of Paragraph 20(g) of the Amended Motion for Judgment*

Defendant asserts that the allegations of paragraph 20(g) of the Amended Motion for Judgment[7] are vague, indefinite, and conclusory. The Court agrees,

---

[6] Va. Code Section 59.1-200(A)(13) provides that suppliers violate the VCPA by "[u]sing in any contract or lease any liquidated damage clause, penalty clause, or waiver of defense, or attempting to collect any liquidated damages or penalties under any clause, waiver, damages, or penalties which are void or unenforceable under any otherwise applicable laws of this Commonwealth or under federal statutes or regulations."

[7] Plaintiff alleges in paragraph 20(g) that Defendant violated the VCPA by "[u]sing any other deception, fraud, false pretense, false promise, or misrepresentation in connection with Plaintiff's vehicle-related consumer transactions."

as Plaintiff pleads no specific facts in paragraph 20(g). The Demurrer is sustained.

Plaintiff may amend his pleadings within twenty-one days.