## CIRCUIT COURT OF THE CITY OF NORFOLK

Robin K. Wilson

v.

Osama S. Modjadidi

October 23, 2007

Case No. CL06-4670

BY JUDGE JOHN C. MORRISON, JR.

This case comes before the Court on Defendant's Demurrer to Counts I and II of Plaintiff's First Amended Complaint. I have reviewed the pleadings and the memoranda submitted by the parties. The following will set forth my rulings on the Demurrer.

*Background*

Plaintiff's Original Complaint was filed on September 5, 2006. Therein, Plaintiff, Robin K. Wilson, stated that she was a dental assistant at Konikoff Family Dentistry (hereafter, "Konikoff") from November 2002 until May 2005. Complaint at ¶¶ 3-4. In August 2003, Konikoff hired the Defendant, Dr. Osama S. Modjadidi, as a licensed dentist. Complaint at ¶ 5. Plaintiff claimed that Dr. Modjadidi "subjected [her] to a severe and pervasive atmosphere of vile and outrageous verbal statements and physical acts." Complaint at ¶ 6. In the Original Complaint, Plaintiff asserted two causes of action against Dr. Modjadidi: intentional infliction of emotional distress and tortious interference with contractual relations. On October 10, 2006,

Defendant filed a Demurrer alleging that the Complaint failed to state a cause of action. Thereafter, on August 6, 2007, Plaintiff filed the First Amended Complaint (hereafter, "First Amended Complaint") asserting the same causes of action. On August 7, 2007, Dr. Modjadidi filed a Demurrer (hereafter, "Demurrer") to the First Amended Complaint, and on September 4, 2007, Plaintiff filed a Memorandum in Opposition to Defendant's Demurrer (hereafter, "Plaintiff's Memo").

### Legal Standard

According to the Code of Virginia, a defendant who wishes to argue "that a pleading does not state a cause of action or...fails to state facts upon which the relief demanded can be granted," may file a demurrer to that effect. Va. Code § 8.01-273 (2003). In ruling on a demurrer, the "trial court is required to consider as true all material facts that are properly pleaded, facts which are impliedly alleged, and facts which may be fairly and justly inferred from the facts alleged." *Luckett v. Jennings*, 246 Va. 303, 307, 435 S.E.2d 400, 403 (1993). The filing of a demurrer, however, "does not admit the correctness of the pleader's conclusions of law." *Fox v. Custis*, 236 Va. 69, 71, 373 S.E.2d 373, 374 (1988).

### Intentional Infliction of Emotional Distress

A party alleging intentional infliction of emotional distress must prove by clear and convincing evidence that "the wrongdoer's conduct is intentional or reckless; the conduct is outrageous and intolerable; the alleged wrongful conduct and emotional distress are causally connected; and, the distress is severe." *Russo v. White*, 241 Va. 23, 26, 400 S.E.2d 160 (1991). A tortious or criminal act alone is not enough. *Id.* at 27, 400 S.E.2d at 162. Instead, "liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.*

In Count I of the Amended Complaint, Plaintiff alleges Dr. Modjadidi used abusive language towards her and fondled a patient in her presence. First Amended Complaint at ¶¶ 7-8. Plaintiff claims that this act was directed at her, "whom Modjadidi knew was present and would have to observe his conduct." *Id.* at ¶ 8. Additionally, Plaintiff alleges that Dr. Modjadidi knew and intended that his conduct cause her severe emotional distress. *Id.* at ¶ 9. Because of this "tortious conduct," Plaintiff claims that she began seeing a

"psychologist and psychiatrist in March 2005" and "suffered a panic attack that left her unable to function normally." *Id.* at ¶¶ 10-11. Around May of 2005, Plaintiff claims that she "suffered from major depression, including suicidal ideation" and her doctor "prescribe[d] Effexor (a powerful anti-depressant) for her in May 2005 in an effort to improve her conditions." *Id.* at ¶¶ 12-13.

The Court sustains the Defendant's Demurrer on this issue because the facts alleged do not satisfy the outrageous element of this tort. The allegations in the Amended Complaint are similar to those alleged in *Harris v. Kreutzer*, 271 Va. 188, 624 S.E.2d 24 (1974), which were found to be insufficient, as a matter of law, to support a claim of intentional infliction of emotional distress. In that case, the plaintiff alleged that the defendant, Dr. Kreutzer:

> verbally abused [Harris], raised his voice to her, caused her to break down into tears in his office, stated she was "putting on a show," and accused her of being a faker and malingerer. Harris contends that despite his knowledge of her condition, Dr. Kreutzer "intentionally aggravated her pre-existing condition and her post-traumatic stress disorder and her brain injury."

*Harris*, 271 Va. at 194, 624 S.E.2d at 27. The Court held that, even if true, the doctor's actions were "not 'beyond all possible bounds of decency' or 'utterly intolerable in a civilized community'." *Id.* at 204, 624 S.E.2d at 34 (internal citations omitted). Additionally, the Court ruled that [i]nsensitive and demeaning conduct does not equate to outrageous behavior." *Id.*

The allegations in Count I, although "insensitive and demeaning," are not sufficiently outrageous to satisfy an action for intentional infliction of emotional distress. *Id.* Furthermore, these allegations are identical to those alleged in the Original Complaint, which this Court previously found insufficient. Because the Court finds that the Plaintiff has failed to satisfy one of the necessary requirements for this cause of action, the Court will sustain the Defendant's Demurrer to Count I of the Amended Complaint.

### Tortious Interference with Contract

In Count II of the Amended Complaint, Plaintiff alleges tortious interference with contract. Wilson had an "at-will" employment contract with Konikoff from November 2002 until her resignation in May 2005. Amended Complaint at ¶ 4. To present a *prima facie* case of tortious interference for an "at will" contract, the plaintiff must allege intentional interference with the

contract by use of improper methods. *See Duggin v. Adams*, 234 Va. 221, 226-27, 360 S.E.2d 832, 836 (1987). Improper methods include conduct that is "illegal or independently tortious." *Id.* The following are examples of conduct that may constitute "improper methods":

> violations of statutes, regulations, or recognized common law rules. . . . [V]iolence, threats, or intimidation, bribery, unfounded litigation, fraud, misrepresentation or deceit, defamation, duress, undue influence, misuse of inside or confidential information, or breach of a fiduciary relationship. . . . Methods may also be improper because they violate an established standard of a trade or profession . . . or involve unethical conduct.

*Id.*

In the Amended Complaint, Plaintiff argues that in the Spring of 2005, "Modjadidi stated his intention to compel Wilson to leave her employment." First Amended Complaint at ¶ 14. When another employee quit due to Dr. Modjadidi's "wrongful conduct" Wilson alleges that he told her "you are next" and "acted very deliberately and intentionally to force Wilson to leave her employment." *Id.* at ¶ 15. Additionally, Wilson alleges that, after she resigned in May of 2005, Dr. Modjadidi "openly bragged about his having caused Wilson to lose employment" when he stated to another employee "I did get rid of her." *Id.* at ¶ 17.

These facts are sufficient for a *prima facie* showing of tortious interference with contract. The Plaintiff alleges that Dr. Modjadidi intended to force her to resign and actually made specific threats of those intentions when he stated to her "you are next." Because threats are a type of conduct that will support a cause of action for tortious interference, the Defendant's Demurrer on Count II is overruled.

## Conclusion

Pursuant to the authority cited herein, the Court sustains Defendant's Demurrer to Count I and overrules the Demurrer to Count II of Plaintiff's First Amended Complaint.