## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Maynard Lambert, Jr.

v.

Downtown Garage, Inc., et al.

November 25, 1997

Case No. CL97-372

BY JUDGE WILLIAM H. LEDBETTER, JR.

This is an action brought pursuant to Virginia Code § 59.1-204 of the Consumer Protection Act for recovery of personal injuries sustained by the plaintiff when the automobile that he purchased from the defendants caught fire three months after the sale. The defendants have demurred.

*Facts*

On demurrer, the court considers as true all material facts that are properly pleaded, facts impliedly alleged, and facts that may be fairly and justly inferred from the allegations. *Luckett v. Jennings*, 246 Va. 303 (1993). Therefore, the facts set forth in this opinion are those set forth in the motion for judgment.

On September 19, 1995, Lambert and his mother purchased a 1988 Dodge Dynasty from Downtown Garage, an auto body shop and licensed used car dealer in Spotsylvania County. Co-defendant Johnson is an employee and agent of Downtown Garage.

Before buying the car, Lambert questioned Johnson about its condition. It had "obviously just been repaired by Downtown Garage." Johnson told Lambert that the car had sustained "minor front end damage" in an accident, had been properly repaired, and had not been "seriously damaged" or "totalled." Johnson further stated to Lambert that he could vouch for the good condition of the vehicle because it had been owned by a friend.

Two days after these representations were made to Lambert, Lambert and his mother purchased the car for $3,400.00. The vehicle was titled to Lambert's mother.

Although the bill of sale contains an "as is" provision, Lambert says that the car was purchased with a lifetime "guarantee."

About two months later, Lambert noticed that the electric doors and windows were operating "very sluggishly." He called Downtown Garage several times for a repair appointment but was told that the shop was busy. The shop promised to make the repair "right after the [Christmas] holidays."

On December 22, 1995, while Lambert was operating the automobile, it caught fire. Lambert could not escape through the doors or windows because they were inoperable, until a passer-by kicked the driver's side door. Lambert was then able to exit. He sustained serious injuries as a result of the fire.

Lambert has another action pending in this court (# CL96-364) arising out of the same incident, against the same defendants, but based on other theories of recovery. That case is set for trial July 28-31, 1998. He instituted this action on August 27, 1997, for "alternative and additional" relief under the Virginia Consumer Protection Act, § 59.1-196 et seq.

The defendants demurred to the motion for judgment. Arguments were heard on November 17, 1997, and the matter was taken under advisement.

## Decision

The Consumer Protection Act was enacted in 1977 as remedial legislation to promote "fair and ethical standards of dealing" between sellers and consumers. Thirty-two "fraudulent acts and practices" are declared unlawful. Section 59.1-200. Among them are misrepresenting that goods are of a particular standard, quality, or grade; misrepresenting that reported nonconformities have been corrected; offering for sale goods that are defective, deteriorated, or imperfect, without so indicating in the offer for sale; using any deception, fraud, false pretense, false promise, or misrepresentation in connection with the sale. Section 59.1-200(5), (6), (7), (10), (14).

In addition to other remedies, the Act gives a right of action to "any person who suffers loss as to the result of a violation" of the Act, and such person may "recover actual damages or $100.00, whichever is greater," plus costs and attorney's fees.

There is no doubt that Lambert has adequately alleged one or more "fraudulent acts" covered by the legislation.

Further, Lambert has adequately placed himself within the scope of protection afforded by the Act by alleging that he and his mother purchased the car for their joint use and ownership.

However, in order to maintain an action under the Act, a plaintiff must have suffered loss as the result of a violation of the Act. Section 59.1-204. This is the focus of the defendants' demurrer, and their point is well taken.

Nowhere in the motion for judgment does Lambert claim that the fire was caused by something in the car that was the subject matter of the defendants' fraudulent misrepresentations. Lambert conceded in argument that he does not know the cause of the fire. Likewise, nowhere in the pleading does Lambert claim that the doors and windows were the subject matter of the defendants' fraudulent misrepresentations. In fact, the doors and windows worked when the car was purchased, and they apparently worked for some time thereafter until they became "sluggish."

Unable to make these connections, Lambert states the kinship between his injuries and the defendants' fraud as follows: "But for the fraud . . . Lambert would not have recommended to his mother that they purchase the Dodge . . . and [therefore] he would not have been driving the Dodge . . . when it caught on fire and the doors and windows failed . . . ."

The same could be said if, instead of the fire, Lambert had struck a deer, veered off the road, and sustained injuries. Surely, the defendants would not be liable for the injuries occasioned by the errant deer even though, as here, Lambert could say that "but for the fraud" he would not have purchased the car and therefore would not have been in the car at the time.

Fraud is a tort. Causation is an essential ingredient of tort actions, whether created by statute or common law.

When the legislature uses the words "as the result of," as in § 59.1-204, those words must be given their plain meaning. "Result" is defined as "to happen as an effect"; "to end as a consequence"; "anything that issues as an effect." An "effect" is "anything brought about by a cause." Thus, the words "as a result of" are synonymous with, or remarkably similar to, "*caused* by." Not only does such a construction give the words used their plain meaning, it is consistent with traditional tort law, and it avoids irrational and absurd results that the legislature did not intend.

Here, there is no nexus or causal connection between the defendants' fraudulent representations and the events that resulted in Lambert's injuries. In fact, Lambert specifically alleges a relationship between the two events that does not, as a matter of law, constitute a legally cognizable causal connection.

A plaintiff cannot recover unless he can establish that the fraud perpetrated upon him was related to a defective or dangerous condition that caused his injury. The mere fact that a fraudulent misrepresentation was made by a seller, coupled with the circumstance that the product later malfunctions, is not enough.

Accordingly, the demurrer will be sustained.