PRESENT: HASSELL, C.J., KEENAN, KOONTZ, KINSER, LEMONS, and AGEE, JJ., and CARRICO, S.J.

UPPER OCCOQUAN SEWAGE AUTHORITY

OPINION BY
v. Record No. 022528              JUSTICE G. STEVEN AGEE
                                   OCTOBER 31, 2003

BLAKE CONSTRUCTION CO., INC./
POOLE & KENT

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Hon. Jane M. Roush, Judge

Upper Occoquan Sewage Authority ("UOSA") appeals rulings of the Circuit Court of Fairfax County in proceedings which arose out of a construction contract between UOSA and Blake Construction Company/Poole & Kent ("the Joint Venture"). On appeal, UOSA's multiple assignments of error essentially assert the trial court erred by: (1) denying UOSA's application for costs under Code § 2.2—4335(A); (2) denying UOSA's motion to strike certain Joint Venture claims on the basis of filing appeals more than six months after UOSA's final written decisions denying the claims; and (3) denying UOSA's motion to strike and motion for judgment notwithstanding the verdict on the basis that certain Joint Venture notices of claim or time impact analyses either were not filed or were filed late.

For the following reasons, we will affirm in part and reverse in part the judgment of the trial court.

## I. BACKGROUND

This litigation involves multiple disputes arising out of a contract for construction of a waste water treatment facility

located in Fairfax County (the "Project"). UOSA, the owner of the facility, is a public authority created pursuant to the Virginia Waste and Water Authorities Act, Code § 15.2-5100 through -5158, to provide waste water reclamation for its member jurisdictions, the counties of Fairfax and Prince William and the cities of Manassas and Manassas Park. As a public authority, UOSA is subject to the Virginia Public Procurement Act, Code § 2.2-4300 through -4377[1] (the "VPPA").

Blake Construction Co., Inc. and Poole & Kent Corporation formed the Joint Venture in order to submit a bid for the Project. The Joint Venture's bid was successful, and the Joint Venture agreed to furnish all labor, materials, and equipment for the Project in a contract dated December 10, 1996 (the "Contract"). The Contract allows the Joint Venture to obtain an increase in the contract price and/or an extension of time to complete certain work upon written application to UOSA pursuant to procedures set forth in the Contract.

The Joint Venture began work on the Project in January 1997 which is ongoing at the time of this appeal. During the course of the work, numerous changes were made to the original

---

[1] At the time the claims at issue in this appeal arose in the trial court, the VPPA was codified at Code § 11-35 et seq., but was recodified at Code § 2.2-4300 et seq. by the General Assembly in 2001. We will refer to the corresponding provisions of the current Code of Virginia in this opinion.

contract, some of which are in dispute and resulted in the proceedings now at bar.

Procedures set forth in the Contract allow the Joint Venture to obtain an increase in the contract price and/or an extension of time to complete certain work upon written application to UOSA. If UOSA issues an adverse final decision on the claim (i.e. denies the claim), the VPPA allows the Joint Venture to appeal that final decision to the circuit court "within six months of the date of the final decision on the claim by the public body" for a de novo determination of its claim. See Code § 2.2-4363(D).[2] As the Project remains ongoing, this has engendered litigation by the parties while their contractual relationship continues.

The Joint Venture filed six lawsuits appealing adverse claim decisions by UOSA which were eventually consolidated by order of the trial court (collectively, the "consolidated cases"). UOSA filed a plea in bar to approximately sixty of the claims pled by the Joint Venture in the consolidated cases. The plea in bar alleged that the Joint Venture failed to comply in a

---

[2] Code § 2.2-4363(D) provides:
> The decision of the public body shall be final and conclusive unless the contractor appeals within six months of the date of the final decision on the claim by the public body by invoking administrative procedures meeting the standards of § 2.2-4365, if available, or in the alternative by instituting legal action as provided in § 2.2-4364.

3

timely manner with various contractual and statutory procedural requirements.

On September 28, 2001, the jury returned a verdict in the plea in bar proceeding on a special verdict form noting separate adjudications for each claim.[3]  Pursuant to that verdict, the trial judge, Judge Roush, entered an order on October 24, 2001 ("the October 24th order"), denying UOSA's plea in bar on twenty-nine of the Joint Venture's claims.  The October 24th order also included this stipulation: "The parties also stipulate that the Amended Motion for Judgment and Declaratory Judgment filed in Law 193766 contains no claim for unspecified delays or manipulation of schedule other than as may be included in any specific claim itemized therein."[4]

Both parties made post-trial motions to set aside portions of the verdict, which the trial court denied.  The remaining issues in the consolidated cases were set for a trial on the merits to begin June 17, 2002.

While the plea in bar trial primarily dealt with the notice and timely filing procedural requirements of certain claims, separate issues were raised by the Joint Venture through the amended motion for judgment and declaratory judgment in Law

---

[3] During the trial, the Joint Venture withdrew some claims as premature and non-suited others.

[4] Law #193766 is one of the consolidated cases.

#193766. The Joint Venture asserted, in part, a violation of the VPPA regarding a bar on damages for unreasonable delay, which is the subject of the companion appeal, Blake Construction Co., Inc./Poole & Kent v. Upper Occoquan Sewage Authority, 266 Va. ___, ___ S.E.2d ___ (2003) (today decided). The declaratory judgment action also requested a declaration that UOSA materially breached the Contract and the Joint Venture was thus entitled to "[r]ecover the reasonable value of its services performed to the date of termination, plus a reasonable allowance for overhead and profit."

In supplemental responses to interrogatories prior to the scheduled trial date, the Joint Venture calculated its damages "[b]ecause UOSA is in material breach of the Contract." The Joint Venture's measure of damages was "its reasonable costs incurred in prosecuting the work plus the Joint Venture's [General & Administrative] overhead less that which has already been paid." As of February 28, 2002, the Joint Venture represented its material breach damages to be $63,258,497.

UOSA filed a motion to strike damages for material breach on January 25, 2002. After a hearing on February 8, 2002, Judge Roush denied the motion. Ruling from the bench, she said the Joint Venture's declaratory judgment pleading "is a classic use of a declaratory judgment action, I think it's appropriate." That same day, Judge Roush entered an order ("the February 8th order"), memorializing the bench ruling which provides in

5

pertinent part: "[i]t appearing that the motion to strike the Joint Venture's damages for material breach should be denied, it is therefore ORDERED that UOSA's motion to strike the Joint Venture's damages for material breach be and hereby is denied."

Judge Finch, substituting for Judge Roush, opined from the bench during a May 23, 2002, pretrial hearing that "material breach is no longer an issue . . . therefore, the effect is that all damages regarding material breach are to be excluded from the trial of these consolidated cases." No order appears in the record to implement or explain Judge Finch's remarks from the bench. The Joint Venture non-suited the material breach claim and all remaining claims in the consolidated cases on May 29, 2002.

UOSA subsequently filed an application for costs pursuant to Code § 2.2-4335(C) seeking $2,962,715.13. The trial court held an evidentiary hearing on UOSA's application for costs and subsequently granted the Joint Venture's motion to strike.

We granted UOSA this appeal.

## II. ANALYSIS

### A. UOSA's Application for Costs

Code § 2.2-4335(C) provides protection to a public body for delay claims made by contractors which are false or without factual or legal basis. The mechanism chosen by the General Assembly is the in terrorem effect of recovering litigation

6

costs from the contractor which are attributable to a frivolous delay claim. The statute provides in pertinent part:

> A contractor making a claim against a public body for costs or damages due to the alleged delaying of the contractor in the performance of its work under any public construction contract shall be liable to the public body and shall pay it for a percentage of all costs incurred by the public body in investigating, analyzing, negotiating, litigating and arbitrating the claim, which percentage shall be equal to the percentage of the contractor's total delay claim that is determined through litigation or arbitration to be false or to have no basis in law or in fact.

Code § 2.2-4335(C) (emphasis added).

The trial court denied UOSA's application for costs under the statute finding insufficient evidence of "a determination within the meaning of the statute or to show that the delay claims had no basis in law or fact." For the following reasons, we will affirm the judgment of the trial court.

UOSA contends that the Joint Venture's claim for material breach damages of $63,000,000 was, in actuality, a claim for delay damages. The Joint Venture responds that its damages lay in quantum meruit and thus its claim was not one for delay damages.

UOSA argues the material breach claim was really a delay damages claim that was effectively stipulated out of the case through the October 24th order and verified by Judge Finch's later bench ruling. UOSA reasons that the continued litigation of the material breach claim by the Joint Venture thereafter was

7

essentially a de facto "determination" under the statute that the material breach claim was a false act not based on law or fact. UOSA thus concludes it is entitled to a percentage of its litigation costs incurred in opposing the material breach claim.[5] However, UOSA's argument runs into an immediate roadblock.

Nothing in the October 24th order addresses the material breach claim as set out in Law #193766. More importantly, UOSA cannot avoid the unmistakable clarity of the record which contains the uncontradicted, succeeding and specific February 8th order finding material breach damages were in the consolidated cases to be tried.

As we noted in Hill v. Hill, 227 Va. 569, 578, 318 S.E.2d 292, 297 (1984), it is fundamental that "a court of record speaks only through its written orders." UOSA has not assigned error to the February 8th order which specifically denied UOSA's motion to strike material breach damages. Accordingly, the February 8th order is the law of the case. See Searles v. Gordon, 156 Va. 289, 294-96, 157 S.E. 759, 761 (1931).

---

[5] As a tangential matter, we note the voluminous documentation regarding UOSA's application for costs is difficult to decipher and may well contain costs for non-delay items. We also note UOSA offered no evidence at the hearing on its application for costs except to introduce its cost records and refer to the existing record in the case as evidence that a "determination" within the meaning of the statute had already occurred. Although we have reservations about UOSA's ability to carry its initial burden under Code § 2.2-4335(C) with this evidence alone, the trial court made no finding in that regard so we will assume, for purposes of appeal, that UOSA's claimed

8

As in <u>Hill</u>, no order appears in the record to modify or vacate the February 8th order.  For whatever purpose Judge Finch may have remarked on material breach damages from the bench on May 23, 2002, those remarks do not change the law of the case and the binding effect of the February 8th order.  <u>Hill</u>, 227 Va. at 578, 318 S.E.2d. at 297.

It strains credulity that UOSA would ask the trial court to clarify that it had already ruled the material breach claim was stipulated out of the case over three months earlier in the October 24th order, but not make that argument to the court at the February 8th hearing or in its written motion.  That invitation, if extended outside the record, was unequivocally rejected by the trial judge through the plain and unmistakable language of the February 8th order.

The law of the case thus directs the finding that material breach damages were very much in the consolidated cases until the filing of the May 29, 2002, nonsuit.  Accordingly, UOSA's argument that the material breach claim was out of the case fails.  There is thus no evidence in the record of a false or statutorily baseless delay damages claim upon which UOSA can anchor its application for statutory costs.  The trial court's judgment denying UOSA's cost application was therefore correct.

---

litigation costs were limited to the items it alleged were related to delay damages claims.

B.  Special Verdicts on the Individual Claims

The trial court conducted a plea in bar hearing from September 17-28, 2001, at the conclusion of which forty-six claims relating to time extensions were submitted to the jury. The jury recorded its verdict on a special verdict form and found that the Joint Venture was prohibited from pursuing seventeen of its claims because it had either not complied with the requirements for submitting claims under the Contract or had failed to file suit within six months.  The jury found that twenty-nine of the Joint Venture's claims were not procedurally or time barred.  UOSA filed motions to strike and a motion notwithstanding the verdict challenging the jury's findings. The trial court denied those motions and entered an order confirming the jury's verdict.

UOSA assigns error to the denial of its motions to strike and motion for judgment notwithstanding the verdict. Specifically, UOSA asserts the trial court erred in:

(1) denying its motion to strike and motion for judgment notwithstanding the verdict with respect to Work Orders 12, 30, 39, 41, 64, 70, 71, 76, 106, 152, Claim 18, and PCO 115 because the evidence showed the Joint Venture failed to file appeals of these claims within six months as required;

(2) denying its motion to strike and motion for judgment notwithstanding the verdict with respect to Work Orders 113

10

and 175 because the Joint Venture expressly waived these claims by signing a change order;

(3) denying its motion for judgment notwithstanding the verdict with respect to Work Orders 88, 106, 127, 193, and Claim 252 for lack of evidence that the Joint Venture timely submitted a time impact analysis as required; and

(4) denying its motion for judgment notwithstanding the verdict with respect to Claims 240 and 280 for lack of evidence that the Joint Venture submitted a timely notice of claim as required.

Under familiar principles of appellate review, we review the evidence and all reasonable inferences flowing therefrom in a light most favorable to the Joint Venture, which prevailed in the trial court on the claims UOSA now contests. WJLA-TV v. Levin, 264 Va. 140, 146, 564 S.E.2d 383, 386 (2002) (citing RF&P Railroad v. Metropolitan Wash. Airports Auth., 251 Va. 201, 208, 468 S.E.2d 90, 94 (1996)). We will uphold the judgment of the trial court unless it appears from the evidence that the

judgment is plainly wrong or without evidence to support it.[6]
Code § 8.01-680; <u>Nationwide Mut. Ins. Co. v. St. John</u>, 259 Va.
71, 76, 524 S.E.2d 649, 651 (2000) (citing <u>RF&P Corporation v.
Little</u>, 247 Va. 309, 319, 440 S.E.2d 908, 915 (1994)).

During the plea in bar trial the jury was asked to decide
whether the Joint Venture appealed certain claims within six
months, waived certain claims, submitted time impact analyses
for certain claims, and timely submitted a notice of claim for
other claims.  The jury determined the Joint Venture complied
with the Contract's requirements in each of the claims now
before us on appeal.  The jury's verdicts, in all but one

---

[6]    The standard under which a trial court
should review the evidence adduced at trial before
granting a motion to strike the case at the end of a
plaintiff's evidence is well settled under prior
decisions of this Court.  That standard requires the
trial court to accept as true all the evidence
favorable to the plaintiff as well as any reasonable
inference a jury might draw therefrom which would
sustain the plaintiff's cause of action. The trial
court is not to judge the weight and credibility of
the evidence, and may not reject any inference from
the evidence favorable to the plaintiff unless it
would defy logic and common sense.

<u>Austin v. Shoney's, Inc.</u>, 254 Va. 134, 138, 486 S.E.2d 285, 287
(1997).

12

instance, find evidentiary support in the record and cannot be said to be plainly wrong.[7]

UOSA's proposed verdict form for Work Orders 12, 30, 39, 41, 64, 70, 71, 76, 106, 152, Claim 18, and PCO 115 asked the jury to decide whether the Joint Venture filed suit within six months of "UOSA's <u>written</u> decision on this claim challenging such decision." (Emphasis added). The verdict form submitted to the jury substituted the word "final" for the word "written" but otherwise mirrored UOSA's proposed language. The record reflects that the jury had sufficient evidence before it to determine when the Joint Venture's claims began to accrue for purposes of calculating the six-month period. The jury's findings on these issues cannot be said to be plainly wrong or without evidentiary support. Accordingly, we will affirm the trial court's denial of UOSA's motion to strike and motion for judgment notwithstanding the verdict for Work Orders 12, 30, 39, 41, 64, 70, 71, 76, 106, 152, Claim 18, and PCO 115.

UOSA's proposed verdict form with respect to Work Orders 113 and 175 was adopted verbatim by the trial court. In both instances the jury found that the Joint Venture did not waive

---

[7] In response to UOSA's assignments of error regarding the individual "special verdict" claims the Joint Venture asserts that UOSA did not "move to strike Work Orders 12, 41, 64, 70, 71, 106, Claim 18 or PCO 115." (BIO at 31). Because we find that the jury's verdict with respect to these claims is not plainly wrong or without evidence to support it, we do not address the Joint Venture's contentions in this regard.

any claim by signing Change Order 79. Given the evidence in the record these findings cannot be said to be plainly wrong. As such, we will affirm the trial court's denial of UOSA's motion to strike and motion for judgment notwithstanding the verdict for Work Orders 113 and 175.

The jury was asked to decide, with respect to Work Orders 88, 106, 127, 193 and Claim 252, whether the Joint Venture timely submitted a time impact analysis as required by the Contract. The trial court adopted wholesale UOSA's proposed instructions. In each instance, the jury found that the Joint Venture timely submitted a time impact analysis. The evidence in the record supports the jury's finding as to Work Orders 88, 106, 193 and Claim 252 which are thus not plainly wrong. However, the verdict on Work Order 127 is without support in the record.

Work Order 127 was issued on August 16, 1999. The only evidence in the record as to a time impact analysis from the Joint Venture is dated October 3, 2001, obviously long past the Contract's seven day filing requirement. During oral argument before this Court the Joint Venture referenced a document that would support the jury's finding with respect to Work Order 127. However, the Joint Venture has since acknowledged this document does not appear in the record and cannot be relied upon for purposes of appeal. Accordingly, there was no evidence to support the jury's finding that the Joint Venture timely

14

submitted a time impact analysis regarding Work Order 127.  The jury's verdict was therefore plainly wrong.

We will affirm the trial court's denial of UOSA's motion for judgment notwithstanding the verdict for Work Orders 88, 106, 193 and Claim 252, but will reverse the trial court with respect to Work Order 127.

Finally, with respect to Claims 240 and 280, the jury found that the Joint Venture timely filed a notice of claim.  The jury's decision is supported by the evidence in the record and cannot be said to be plainly wrong.  We will affirm the trial court's denial of UOSA's motion for judgment notwithstanding the verdict for Claims 240 and 280.

### III.  CONCLUSION

For the foregoing reasons, we will affirm the trial court's judgment denying UOSA's application for costs pursuant to Code § 2.2-4335(C).  We will affirm the judgment of the trial court in denying UOSA's motion to strike and motion for judgment notwithstanding the verdict as to Work Orders 12, 30, 39, 41, 64, 70, 71, 76, 88, 106, 113, 152, 175, 193, Claim 18, Claim 240, Claim 280, Claim 252, and PCO 115.  We will reverse the judgment of the trial court in denying UOSA's motion for judgment notwithstanding the verdict as to Work Order 127 and enter final judgment.

<u>Affirmed in part,</u>
<u>reversed in part,</u>
<u>and final judgment.</u>

15