## CIRCUIT COURT OF THE CITY OF CHESAPEAKE

Mahendrakumar Patel

v.

Anjali, L.L.C.,
Bharat Patel,
Ila M. Patel,
and IBJ Hotels, L.L.C.

October 8, 2010

Case No. (Civil) CL09-3353

BY JUDGE JOHN W. BROWN

This day came the Defendants Anjali, L.L.C., Bharat Patel, Ila M. Patel, and IBJ Hotels, L.L.C., by counsel and moved the Court to sustain their demurrers and grant their pleas in bar. Procedurally, this case is unusual; the parties have had ample opportunity to conduct pre-demurrer discovery. Upon this atypical milieu, for reasons set forth below and on the record in this case, the Court makes the following decisions, addressing the specific objections to each count.

### I. *Demurrers*

A. *Applicable Law*

"A demurrer tests the legal sufficiency of facts alleged in pleadings, not the strength of proof." *Glazebrook v. Board of Supervisors of Spotsylvania County*, 266 Va. 550, 554, 587 S.E.2d 589, 591 (2003). "[T]he contention that a pleading does not state a cause of action or that such pleading fails to state facts upon which the relief demanded can be granted may be made by demurrer. . . ." Va. Code § 8.01-273. A demurrer "admits the truth of the facts contained in the pleading to which it is addressed, as well as any

facts that may be reasonably and fairly implied and inferred from those allegations. A demurrer does not, however, admit the correctness of the pleader's conclusions of law." *Harris v. Kreutzer*, 271 Va. 188, 195, 624 S.E.2d 24, 28 (2006); *see also Taboada v. Daly Seven, Inc.*, 271 Va. 313, 317, 626 S.E.2d 428, 429 (2006). To survive a challenge by demurrer, a "pleading must be made with 'sufficient definiteness to enable the court to find the existence of a legal basis for its judgment'." *Eagle Harbor, L.L.C. v. Isle of Wight County*, 271 Va. 603, 611, 628 S.E.2d 298, 302 (2006) (quoting *Moore v. Jefferson Hospital, Inc.*, 208 Va. 438, 440, 158 S.E.2d 124, 126 (1967)). Rule 1:4(d) of the Supreme Court of Virginia states: "Every pleading shall state the facts on which the party relies in numbered paragraphs, and it shall be sufficient if it clearly informs the opposite party of the true nature of the claim or defense." A complaint must plead "sufficient facts to constitute a foundation in law for the judgment sought, and not merely conclusions of law. . . ." *Kitchen v. City of Newport News*, 275 Va. 378, 387–88, 657 S.E.2d 132, 137 (2008) (quoting *Hubbard v. Dresser, Inc.*, 271 Va. 117, 122, 624 S.E.2d 1, 4 (2006)). "[I]t is unnecessary for the pleader to descend into statements giving details of proof in order to withstand demurrer." *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24, 431 S.E.2d 277, 279 (1993) (citing *Hunter v. Burroughs*, 123 Va. 113, 129, 96 S.E. 360, 365 (1918)).

A trial court is "not permitted on demurrer to evaluate and decide the merits of the allegations set forth in a [Complaint], but only may determine whether the factual allegations of the [Complaint] are sufficient to state a cause of action." *Harris*, 271 Va. at 195–96, 624 S.E.2d at 28 (quoting *Riverview Farm Assocs. Va. Gen. P'ship v. Board of Supervisors*, 259 Va. 419, 427, 528 S.E.2d 99, 103 (2000)); *accord Almy v. Grisham*, 273 Va. 68, 76, 639 S.E.2d 182, 186 (2007) ("[A] demurrer presents an issue of law, not an issue of fact.").

Virginia Code § 8.01-273 states, in relevant part: "All demurrers shall be in writing and shall state specifically the grounds on which the demurrant concludes that the pleading is insufficient at law. No grounds other than those stated specifically in the demurrer shall be considered by the court." Therefore, a demurrer cannot introduce new facts in support of itself; this is an impermissible "speaking demurrer." *E.g.*, W. Hamilton Bryson, *Bryson on Virginia Civil Procedure* § 6.03(5)(a) (4th ed. 2005); *see also Landes v. Erie Ins. Exch.*, 48 Va. Cir. 298, 298 (1999) (Chesterfield Co.) ("[A] demurrer which alleges new facts is a 'speaking demurrer' and will be stricken from the record.").

## B. *Count I: Breach of Contract*

The Amended Complaint in this action references a 1999 loan document, which was attached to the initial complaint. Much of Defendants'

argument on brief focused on the fact that this document was allegedly endorsed by "Anjali, L.L.C., a Virginia Limited Liability Company." This document was not attached to the Amended Complaint, raising concerns regarding the possibility of a "speaking demurrer." However, at the hearing on September 22, 2010, Plaintiff stipulated that the document is part of the Amended Complaint, obviating any attendant "speaking demurrer" issues.

### 1. *Bharat Patel*

The breach of contract pleadings do not make any allegations against Bharat Patel personally; at most, it is alleged that Anjali, L.L.C. entered into a promissory note with Plaintiff. While Bharat Patel endorsed this note as "Manager" of Anjali, L.L.C., there are no specific facts pleaded giving rise to his potential liability for breach of the note; applying the standard of Rule 1:4, it is impossible for Defendants to understand the true nature of the claim against Bharat.

Consequently, the demurrer to the breach of contract count is sustained with respect to Bharat Patel. Plaintiff, however, is granted leave to amend.

### 2. *Anjali, L.L.C.*

The Amended Complaint does raise specific allegations against Anjali, L.L.C., sufficient to facially state a cause of action for breach of contract in Count I. However, the complaint does not state which particular entity is being sued, the Virginia L.L.C. which allegedly signed the 1999 promissory note, the Maryland L.L.C., which Defendants claim is not liable, or another entity altogether. Even though Virginia is a notice-pleading jurisdiction, this lack of specificity does not comport with Rule 1:4(d) and our common law pleading requirements. *See Potts v. Matheison Alkali Works*, 165 Va. 196, 207, 181 S.E.2d 521, 525 (1981) (citations omitted). While the pleading of alternative theories would be acceptable at this stage,[1] the Amended Complaint likewise does not assert any such theories against these entities or the individuals comprising membership therein.

The Court does not find availing Defendants' contention that the 1999 note is "defective"; the document certainly evinces a promise to pay Mahendrakumar Patel $375,000. Whether liability under this note falls upon a Virginia L.L.C., a Maryland L.L.C., an individual, or some collection of individuals, the note itself is facially sufficient to survive demurrer. Plaintiff, upon amendment, is nevertheless required to state particular facts in support of any individual or entity liability, in addition to particularly

---

[1] *See* Va. S. Ct. R. 1:4(k).

identifying those parties liable. *See, e.g., Eagle Harbor, L.L.C.*, 271 Va. at 611.

Therefore, the demurrer to the breach of contract count against Anjali, L.L.C. is sustained and the Plaintiff is granted leave to amend.

### 3. *IBJ Hotels L.L.C.*

While the Amended Complaint contains no breach of contract count against IBJ Hotels, L.L.C. ("IBJ" or "IBJ Hotels"), it is important to address a primary argument of IBJ at this time. Because the claims against IBJ Hotels bear some relationship to the breach of contract alleged in Count I, these claims are impermissible.

While Defendant IBJ Hotels presents argument on the relationship between breach of contract and tort actions, as long recognized by the Supreme Court of Virginia,[2] the decisions cited involve situations where the same defendant owed a contractual duty to and allegedly committed a related tort against the plaintiff. The Supreme Court, in these cases, properly denied tort recovery where the only duty owed between the parties was purely contractual. *See, e.g., Station # 2, L.L.C. v. Lynch*, 280 Va. 166, 171–72, 695 S.E.2d 537, 540 (2010); *Richmond Metro. Auth. v. McDevitt Street Bovis, Inc.*, 256 Va. at 555–56, 507 S.E.2d at 345–46. In the instant case, however, the allegations against IBJ Hotels, while bearing some relation to the contract action against Bharat and Anjali, have some independent tort basis; there was no contractual duty owed by IBJ to the Plaintiff. Assuming for the sake of argument that Plaintiff's allegations are sufficient to survive demurrer, the Court finds this argument unavailing, despite its innovative extension of well-recognized precedent.

## C. *Count II: Breach of Fiduciary Duty*

It is well established that fiduciary duties in Virginia limited liability companies are owed to other members of the company at issue. *See* Va. Code § 13.1-1019. A plaintiff bringing a derivative action on behalf of the limited liability company for breach of fiduciary duty must be a member of the limited liability company at the time of filing, in most instances. *Id.* § 13.1-1043.

In the instant case, Plaintiff did not attempt a derivative action, and it is not alleged that Plaintiff held a membership interest in any of the limited liability companies involved in this action.

However, the Supreme Court of Virginia recently assumed, but did not decide, that a managing member of a limited liability company may owe a fiduciary duty to a third-party creditor "under certain circumstances."

---

[2] *See, e.g.*, Richmond Metro. Auth. v. McDevitt Street Bovis, Inc., 256 Va. 553, 507 S.E.2d 344 (1998).

*Luria v. Board of Dirs.*, 277 Va. 359, 367, 672 S.E.2d 837, 841 (2009). While this statement may have been made as an "assuming arguendo" rhetorical device, it is also established in the corporate context that "where there are existing creditors of a corporation, the stockholders will not be permitted, as against those creditors, to withdraw the assets of the corporation without consideration, whether it be done through a purchase of stock by the corporation or otherwise." *Id.* at 364, 672 S.E.2d at 839 (quoting *Marshall v. Fredericksburg Lumber Co.*, 162 Va. 136, 147, 173 S.E. 553, 557 (1934)). In somewhat of a statutory limited liability company analog, Virginia Code § 13.1-1049 provides that in the winding up of a limited liability company, the assets of the company shall first be distributed to creditors in satisfaction of the company's liabilities.

Count II alleges that Bharat and Ila Patel breached their fiduciary duties to the Plaintiff by making distributions to themselves in lieu of paying the debts owed to Plaintiff, as a known debtor of the L.L.C. Plaintiff argues that such fiduciary duties arise from Virginia statutory provisions, discussed above.

Again, however, the demurrers must be sustained as to the fiduciary duty counts against Bharat and Ila Patel. Assuming for the sake of argument that there is a fiduciary duty owed by limited liability company members to known creditors in the winding up of company business, Plaintiff has not pleaded any such winding up of Anjali, L.L.C. (in any possible iteration), which would give rise to such a duty. Plaintiff is granted leave to amend.

## D. *Count III: Tortious Interference with Contractual Relations*

*Chaves v. Johnson*, 230 Va. 112, 335 S.E.2d 97 (1985), and its progeny set forth the cause of action for tortious interference with contractual relations: "(1) the existence of a valid contractual relationship or business expectancy; (2) knowledge of the relationship or expectancy on the part of the interferor; (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy; and (4) resultant damage to the party whose relationship or expectancy has been disrupted." *Id.* at 120, 335 S.E.2d at 102 (citation omitted).

Plaintiff has included the constituent elements of a claim for tortious interference with contractual relations in the Amended Complaint and has pleaded facts relevant to each of the *Chaves* elements listed above. While the Amended Complaint is factually succinct, "[t]he requirements for stating a cause of action are not so strict as to demand specificity beyond that necessary to 'clearly [inform] the opposite party of the true nature of the claim or defense' pleaded." *Balzer & Assocs. v. Lakes on 360*, 250 Va. 527, 463 S.E.2d 453, 456 (1995) (quoting Rule 1:4(d)). The Court finds that plain recitation provided in Count III does provide Defendants with adequate notice, despite the complicated nature of this matter.

Mere common membership of the Patel Defendants in multiple entities, as defense counsel argues on brief, is alone insufficient to impute liability to these entities. *See, e.g., Jordan v. Commonwealth*, 36 Va. App. 270, 272–76, 549 S.E.2d 621, 622–23 (2001); *cf. Marlin v. South Salem Land Co.*, 94 Va. 28, 58, 26 S.E. 591, 600 (1986) (noting that knowledge is not attributable to entities sharing a common director in transactions that do not involve said director). However, the Amended Complaint alleges that IBJ Hotels itself engaged in the tortious conduct at issue (Amend. Compl. ¶ 13–16); further development of specific proof is properly reserved for a later stage of these proceedings. *See CaterCorp, Inc.*, 246 Va. at 24, 431 S.E.2d at 279.

The Court further recognizes the obvious, that a party may not tortiously interfere with a contract into which it has entered. Thus, Bharat Patel cannot be ultimately liable for breach of contract and tortious interference with that contract. However, there are multiple possible sources of liability for the Patel Defendants under various factual scenarios to be potentially developed at a later stage. Upon the face of the pleadings, the facts, and all reasonable inferences therefrom,[3] the Court does not find this ground sufficient to sustain the demurrers.

Despite the anemic nature of the pleadings regarding the tortious interference alleged and the specific capacities in which the parties may be liable, especially in light of the discovery undertaken in this matter, the Court finds the pleadings sufficient to overrule all demurrers.

### E. *Count IV: Fraudulent Conveyance*

The four elements of a claim for fraudulent conveyance under Virginia Code § 5-80 are: "(i) the conveyance of property to another (ii) with the intent to hinder, delay, or defraud (iii) a creditor, purchaser, or other person (iv) from what they are or may be lawfully entitle to." *E.g. Efessiou v. Efessiou*, 41 Va. Cir. 142, 145 (Fairfax Co. 1996).

In pleading a cause of action for fraudulent conveyance, Plaintiff alleges that the Defendants were aware of an alleged debt to Plaintiff and used the proceeds of the hotel sale to purchase membership interests in IBJ Hotels, L.L.C. Furthermore, Plaintiff specifically alleges that the conveyance of the hotel "was done with the intent to delay, hinder, or defraud Plaintiff as a creditor." (Amend. Compl. ¶ 18.) The Amended complaint furthermore frequently references the loan and the fact that Plaintiff was entitled to have it paid. Despite these allegations, this Count lacks developed facts posited in support of Plaintiff's entitlement to the hotel sale proceeds, as well as fraudulent intent.

In consideration of the arguments and the holdings of *Kitchen* and *CaterCorp, Inc.*, the Court finds Plaintiff has adequately pleaded fraudulent

---

[3] *See, e.g.*, Taboada, 271 Va. at 317, 626 S.E.2d at 429.

conveyance. The Court thus overrules the demurrers to this Count as to all defendants. The Court does not address IBJ's arguments as to proper relief at this time.

## F. *Count V: Constructive Trust*

There exists some conflict of Virginia authorities on the question of whether a constructive trust is a remedy or it may be sought as an independent cause of action. *Compare Today Homes, Inc. v. Williams,* 272 Va. 462, 468, 634 S.E.2d 737, 741 (2006) ("Among other remedies, Chesapeake sought the imposition of a constructive trust on the Sinclair Property. . . ."), *with Faulknier v. Shafer,* 264 Va. 210, 217, 563 S.E.2d 755, 759 (2002) ("[The Plaintiff] pleaded facts which, if taken as true, are sufficient to state a cause of action for the imposition of a constructive trust on the basis that Shafer has been unjustly enriched.").

It is unquestioned, however, that trial courts have broad equitable discretion in determining whether imposition of a constructive trust is appropriate. *See, e.g., Jones v. Harrison,* 250 Va. 64, 70, 458 S.E.2d 766, 770 (1995). (Constructive trusts "occur not only where property has been acquired by fraud or improper means, but also where it has been fairly and properly acquired, but it is contrary to the principles of equity that it should be retained, at least for the acquirer's own benefit." (citations omitted)). Effectively, if the trust is necessary to prevent a "failure of justice," it may be imposed by the trial court. *E.g., Faulknier,* 264 Va. at 215, 563 S.E.2d at 760.

In the instant case, Plaintiff has alleged facts sufficient to state a cause of action for the imposition of a constructive trust upon the proceeds of the hotel sale. The Amended Complaint seeks a constructive trust upon the funds and distributions allegedly wrongfully paid, the subject property, and the Defendants' membership interests in IBJ Hotels, L.L.C. (Amend. Compl. ¶ 22.) Count V incorporates all previous allegations in the complaint, which, taken as true and standing in concert, allege conduct sufficient to warrant imposition of a constructive trust. *See Jones,* 250 Va. at 70, 458 S.E.2d at 770. At this point, it is uncertain whether imposition of a constructive trust is necessary to prevent manifest injustice, but there is no indication from the face of the Amended Complaint that a constructive trust is absolutely unwarranted. Consequently, the demurrers are overruled as to the constructive trust count with respect to all the Defendants.

## II. *Pleas in Bar*

## A. *Applicable Law*

In analyzing a plea in bar, this Court applies the well-settled law of the Commonwealth, which provides that such a plea "shortens the litigation by reducing it to a distinct issue of fact, which, if proven, creates a bar to the plaintiff's right of recovery." *Tomlin v. McKenzie*, 251 Va. 478, 480, 468 S.E.2d 882, 884 (1996). The moving party bears the burden of proving this single factual issue[4] and may introduce evidence in support of the plea. *See generally Upper Occoquan Sewage Auth. v. Blake Constr. Co.*, 266 Va. 582, 587 S.E.2d 721 (2003). The standard of review for a plea in bar is effectively a plain error standard. *Bottoms v. Bottoms*, 249 Va. 410, 414, 457 S.E.2d 102, 104–105 (1995). ("When the trial court hears the evidence ore tenus, its findings are entitled to the weight accorded a jury verdict, and these findings should not be disturbed by an appellate court unless they are plainly wrong or without evidence to support them.").

B. *Ila Patel, Bharat Patel, Anjali, L.L.C., IBJ Hotels, L.L.C., Pleas in Bar*

In support of their Pleas in Bar, Defendants allege that the Plaintiff does not have standing to allege any of the causes of action in the amended complaint. On this issue, Defendants fail to meet their burden of proof. Certainly, a limited liability company or individual, upon action of a third party, may be liable for breach of contract, tortious interference with contractual relations, fraudulent conveyance, and may have a constructive trust imposed upon its assets.

In order to establish standing for these actions, Plaintiff simply must establish some concrete, cognizable injury suffered as a result of the Defendants' actions. *See, e.g., Moreau v. Fuller*, 276 Va. 127, 134, 661 S.E.2d 841, 845 ("The purpose of requiring standing is to make certain that a party who asserts a particular position has the legal right to do so and that his rights will be affected by the disposition of the case. Thus, a party claiming standing must demonstrate a personal stake in the outcome of the controversy." (quoting *Goldman v. Landsidle*, 262 Va. 364, 371, 552 S.E.2d 67, 71 (2001) (citations omitted)). Even where Plaintiff has failed to plead facts sufficient to overrule the demurrer, he has managed to sufficiently establish standing for all counts to withstand Defendants' pleas in bar, due to the pleading of specific injury and causation in the Amended Complaint, as well as all inferences fairly drawn from the pleadings and exhibits attached.

### III. *Conclusion*

The rulings of this Court are as follows, in short sum: (1) Demurrers to Counts I and II are sustained with respect to all relevant parties and

---

[4] *E.g.*, Melendes, 260 Va. at 594.

Plaintiff is provided leave to amend; (2) Demurrers to Counts III, IV, and V are overruled; and (3) Defendants' Pleas in Bar are denied.

While demurrers are sustained to some Counts of the Amended Complaint, Plaintiff is provided leave to amend all counts, bearing in mind the requirements of the authorities discussed *supra*.