## CIRCUIT COURT OF THE CITY OF RICHMOND

Brian C. Davison

v.

Virginia Department
of Education,
Bethann Canada,
and Susan B. Williams

October 13, 2014

Case No. CL14-4321

By Judge Herbert C. Gill, Jr.

This matter was first brought before the Court on October 10, 2014, on a Petition for Writ of Mandamus. The Court called for the Defendant's Demurrer to be heard, and both parties offered oral argument. The Court took the matter under advisement, pending the issuance of this letter opinion.

The function of a demurrer is to test whether a complaint states a cause of action. Va. Code Ann. § 8.01-273. "In reviewing the sufficiency of a motion for judgment on demurrer, the trial court is required to consider as true all material facts that are properly pleaded, facts which are impliedly alleged, and facts which may be fairly and justly inferred from the facts alleged." *Luckett v. Jennings*, 246 Va. 303, 307 (1993). A demurrer tests the legal sufficiency of a pleading, not matters of proof. *Id.*

Furthermore, "[o]n demurrer, a court may examine not only the substantive allegations of the pleading attacked but also any accompanying exhibit mentioned in the pleading." *Flippo v. F & L Land Co.*, 241 Va. 15, 16 (1991). For this reason, a demurrer is said to "search the record." W. Hamilton Bryson, *Virginia Civil Procedure*, § 6.03[5][a] (2005). "The court in ruling on the demurrer may properly consider the facts alleged as amplified by any written agreement added to the record on the motion." *Wards Equipment, Inc. v. New Holland North Am., Inc.*, 254 Va. 379, 382 (1997). Furthermore, "a court considering a demurrer may ignore a party's factual allegations contradicted by the terms of authentic, unambiguous documents that properly are a part of the pleadings." *Id.*

Considering as true all the facts contained in and inferred from Plaintiff's Verified Petition for Writ of Mandamus and after reviewing the record, the

Court finds that Plaintiff has pleaded a cause of action and hereby overrules the Demurrer.

The Virginia Freedom of Information Act ("FOIA") provides generally that, "[e]xcept as otherwise specifically provided by law, all public records shall be open to inspection and copying by any citizens of the Commonwealth. . . ." Va. Code Ann. § 2.2-3704. One such exception is for scholastic records. Virginia Code § 2.2-3705.4 states that "scholastic records containing information concerning identifiable individuals" are "excluded from the provisions" of FOIA, but "may be disclosed by the custodian in his discretion."

Accepting all of Plaintiff's allegations as true, and after reviewing the record, it is not clear as a matter of law that the records requested by Plaintiff fall squarely within the classification described above. Although Plaintiff pleads that "a 'state testing number' is assigned to each" student within the records requested, it is not clear that the records requested contain "information concerning identifiable individuals." There is no indication in the pleadings that the students or teachers in the requested records are actually identifiable.

Additionally, a demurrer may not introduce new facts in support of itself. *See Patel v. Anjali, L.L.C.*, 81 Va. Cir. 264 (City of Chesapeake, 2010). Both at oral argument and in the pleading itself, Defendant offered a number of additional facts and documents in support of their position. These offerings of fact are not part of the "record" and not cognizable for review in the demurrer stage. The Defendant's Demurrer is further overruled on these grounds.

To survive a challenge by demurrer, a pleading must be made with sufficient definiteness to enable the Court to find the existence of a legal basis for its judgment. *See Eagle Harbor, L.L.C. v. Isle of Wight County*, 271 Va. 603 (2006). The Court finds that Plaintiff has cleared this hurdle.