## CIRCUIT COURT OF FAIRFAX COUNTY

Pender Veterinary Clinic

v.

Patton, Harris,
Rust & Associates et al.

November 27, 1990

Case No. (Law) 99106

By JUDGE JACK B. STEVENS

This matter has been under advisement by the Court to consider the defendants' Demurrers to Counts I and II of the Motion for Judgment and to the claim for attorney's fees.

The Court has considered the arguments of counsel, as well as the principal cases submitted by counsel on both sides, and for the reasons that follow sustains the Demurrer to Count I and to the claim for attorney's fees and overrules the Demurrer to Count II.

### Count I

The Court agrees with the defendants that the damages sought here are for economic loss. Damages for economic loss may only be redressed by the law of contracts. Negligence in the performance of duties imposed by contract is governed by the law of contracts.

In *Sensenbrenner v. Rust, Orling & Neale*, 236 Va. 419, 374 S.E.2d 55 (1988), the Court adopted the prevailing rule, which defines economic loss as situations where goods purchased fail to meet some expected standard of quality, or where they "injure themselves" because of a defective component. The Court stated no action in tort

will lie in such cases. *Id.* A year later in *Rotonda Cond. Owners v. Rotonda Associates*, 238 Va. 85, 380 S.E.2d 876 (1989), the Court reaffirmed this position by stating that the law of contracts provides the sole redress for claims of economic loss.

Pender complains that negligent design and planning resulted in a substandard building, one which does not have the expected rental potential. In effect, they claim that the building does not meet the standard of quality they contracted for, that the building injures itself because one of the component parts, the design, was defective. The damages claimed are not injury to property, but instead are complaints as to the quality. According to *Sensenbrenner*, they are economic damages for which the law of contracts provides the sole redress.

The duties of the defendants were imposed by contract. Negligence in the performance of duties imposed by contract is governed by the law of contracts. In *Blake Construction Co. v. Alley*, 233 Va. 31 at 35, 353 S.E.2d 724 (1987), the Court stated that the duty of an architect to exercise the care of those ordinarily skilled in the business is a duty imposed by contract. In *Virginia Military Institute v. King*, 217 Va. 751, 232 S.E.2d 895 (1977), the Court found that an action for negligence of an architect in performing professional services, while sounding in tort, was an action for breach of contract and is governed by contract law.

The duties of the defendants in the case at bar, involving architects and engineers, are like the architects' duties in *Blake* and *VMI*. They were imposed by the contract. Actions for breach of these duties, while sounding in tort, are governed by the law of contract.

### Count II

Pender has claimed that there was a contract, that it was breached, and that there were damages; [these are] the minimum facts necessary to state a claim for breach of contract.

*Attorney's Fees*

Absent a statutory basis or a contractual commitment, attorney's fees cannot be recovered in an action arising out of breach of contract. *Owen v. Shelton*, 221 Va. 1051, 277 S.E.2d 488 (1981). Pender not having pleaded either, there is a failure to state a claim for attorney's fees.