**Roy M. TERRY, Jr. and Durrettebradhaw Plc, Receiver for: Dowdell, Dutcher & Associates, Inc.; Emerged Market Securities, DE–LLC; and Vavasseur Corp., Plaintiffs,**

v.

**BANK OF AMERICA, N.A., Defendant.**

**No. CIV.A.3:03 CV 00098.**

United States District Court,
W.D. Virginia,
Charlottesville Division.

Dec. 30, 2004.

Barrett Erskin Pope, Douglas Alan Scott, Durrette Bradshaw, Richmond, VA, for Plaintiffs.

John F. Anderson, Mary C. Zinsner, Troutman Sanders LLP, McLean, VA, for Defendant.

## MEMORANDUM OPINION

CONRAD, District Judge.

Roy M. Terry, Jr. and the law firm of DurretteBradshaw PLC filed this action against the defendant, Bank of America, N.A., alleging claims for negligence and conversion. The case is currently before the court on the defendant's motion to dismiss. For the reasons that follow, the court will grant the defendant's motion.

The plaintiffs were appointed receiver for Dowdell, Dutcher & Associates, Inc., Emerged Market Securities, DE–LLC, and Vavasseur Corporation (collectively referred to as the "receivership entities") in the case of *SECURITIES AND EX-CHANGE COMMISSION V. TERRY L. DOWDELL,* No. 3:01CV00116, 2001 WL 1471675 (W.D.Va. Nov. 19, 2001) (the "SEC case").[1] The plaintiffs allege that the court has jurisdiction over the present case pursuant to Section 22(a) of the Securities Act of 1993, 15 U.S.C. § 77v(a); Section 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa; and 28 U.S.C. § 1367.

According to the plaintiffs' amended complaint, Terry L. Dowdell ("Dowdell") orchestrated a Ponzi scheme from April 1998 through the commencement of the SEC case. In furtherance of the Ponzi scheme, Dowdell opened accounts with Bank of America at the bank's offices in Charlottesville, Virginia. Charles Trent was the account manager responsible for opening the accounts. One of the accounts was opened in the name of Authorized Auto Service Inc. (the "Authorized Auto account"). Dowdell and five other individuals had signatory authority over this account.

On November 19, 2001, the court entered an order in the SEC case that froze Dowdell's assets. An attorney with the SEC forwarded a copy of the freeze order to Bank of America. In response to the freeze order, the bank placed a hold on four accounts in the name of T.L. Dowdell. The bank did not place a hold on the Authorized Auto account. The bank informed the SEC that it could only search for accounts in which Dowdell was named in an ownership capacity, and that the bank could not search for accounts by the names of individual signers alone. The plaintiffs allege that either Charles Trent failed to inform the bank's legal department that Dowdell had signatory authority over the Authorized Auto account, or that despite being informed of the Authorized Auto account, the bank failed to act on the information.

On November 20, 2001, the day after the court entered the freeze order in the SEC case, Mary E. Dowdell and Rebecca Dowdell exchanged a check drawn from the Authorized Auto Account in the amount of $512,000 for a cashier's check in the same amount payable to Authorized Auto. The cashier's check was deposited in Authorized Auto's account with SunTrust Bank.

The plaintiffs filed this action against Bank of America on November 20, 2003, seeking to recover damages in the amount of $446,884.17.[2] The bank subsequently moved to dismiss the plaintiffs' amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The court held a hearing on the bank's motion on December 3, 2004.

When deciding a motion to dismiss under Rule 12(b)(6), the court must deter-

---

1. The SEC case is currently pending in this court before the Honorable James H. Michael, Jr.

2. The plaintiffs allege that the bank caused damages in the amount of $512,000. However, the plaintiffs acknowledge that bank is entitled to a credit of $65,115.83.

mine "whether the complaint, under the facts alleged and under any facts that could be proved in support of the complaint, is legally sufficient." *Eastern Shore Markets, Inc. v. J.D. Associates Ltd. Partnership,* 213 F.3d 175, 180 (4th Cir. 2000). The court must accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the plaintiffs. The court should not dismiss a complaint for failure to state a claim, unless it appears beyond doubt that the plaintiffs can prove no set of facts in support of their claim that would entitle them to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The parties agree that the case is governed by Virginia law.

 Count I of the plaintiffs' amended complaint sets forth a claim for negligence. The plaintiffs contend that Bank of America negligently failed to place a hold on the funds in the Authorized Auto account. Under Virginia law, there can be no actionable negligence where there is no legal duty to exercise care.[3] *Deem v. Charles E. Smith Management, Inc.,* 799 F.2d 944, 945 (4th Cir.1986). The plaintiffs acknowledge that a bank ordinarily owes no duty of care to a noncustomer. *See Eisenberg v. Wachovia Bank, N.A.,* 301 F.3d 220, 226–227 (4th Cir.2002) (holding that a bank owed no duty of care to a noncustomer who was defrauded by a bank depositer, since the bank had no direct relationship with the noncustomer). The plaintiffs also acknowledge that, absent privity of contract, Virginia's economic loss rule precludes the recovery of damages in a negligence action based on economic loss alone. *See Beard Plumbing and Heating, Inc. v. Thompson Plastics, Inc.,* 152 F.3d 313, 316 (4th Cir.1998); *Copenhaver v.*

*Rogers,* 238 Va. 361, 384 S.E.2d 593, 595 (1989).

 Notwithstanding these well-established principles of tort law, the plaintiffs insist that the freeze order entered in the SEC case created some special duty that inured to the benefit of the receivership entities, and that as a result of this special duty, Virginia's economic loss rule is not dispositive. While the facts of this case are somewhat unusual, the court does not believe that any exception to these governing principles is warranted. The freeze order entered in the SEC case was an interlocutory measure designed to preserve the *status quo* and prevent the depletion of funds or other assets. It was not intended to create a legal relationship between the bank and the receivership entities or provide a private cause of action for negligence. Although the plaintiffs emphasize in their response to the bank's motion that "[t]here is absolutely not one word that [they] can locate that says a legal duty cannot arise from a court order," the plaintiffs are unable to cite any case law to support their contrary position. The court agrees with the bank that recognizing the existence of a legal duty in this case would open the floodgates to similar third-party negligence claims. For these reasons, the court concludes that the plaintiffs' negligence claim must be dismissed.

 In Count II of their amended complaint, the plaintiffs allege that Bank of America is liable for conversion of the funds in the Authorized Auto account. "Conversion is the wrongful assumption or exercise of the right of ownership over goods or chattels belonging to another in denial of or inconsistent with the owner's rights." *Economopoulos v. Kolaitis,* 259 Va. 806, 528 S.E.2d 714, 719 (2000). Plain-

---

**3.** It is undisputed that the existence of a duty is purely a question of law. *Yuzefovsky v. St.*

*John's Wood Apts.,* 261 Va. 97, 105, 540 S.E.2d 134 (Va.2001).

tiffs cannot bring a claim for conversion unless they have a property interest in and are entitled to immediate possession of the converted item. *Id.* In the present case, the plaintiffs' amended complaint fails to allege that the plaintiffs or the receivership entities were entitled to immediate possession of the funds in the Authorized Auto account at the time those funds allegedly were converted. As the bank points out, the general rule is that once funds are deposited in a bank account, the funds become the property of the bank. *See Bernardini v. Central Nat'l Bank,* 223 Va. 519, 290 S.E.2d 863, 864 (1982). Although the plaintiffs argue that the freeze order entered in the SEC case created a special deposit relationship that divested Bank of America of any claim to the deposited funds, there is no indication in the freeze order that the plaintiffs or the receivership entities were entitled to immediate possession of those funds. For these reasons, the court concludes that the plaintiffs' conversion claim is without merit and must be dismissed.

Contrary to the implications of the plaintiffs' arguments, the dismissal of this action does not mean that banks in such situations are able to disregard a freeze order with impunity. The court possessed the authority to sanction the bank, if the court had reason to believe that the freeze order was ignored or implemented in less than good faith.[4] In short, it appears to the court that the plaintiffs have no viable cause of action based on well-established principles of Virginia law, and that there is no persuasive reason to carve out an exception to these legal principles.

The Clerk is directed to send certified copies of this Memorandum Opinion and the accompanying Order to all counsel of record.

### ORDER

For the reasons stated in a Memorandum Opinion filed this day, it is hereby

### ORDERED

that the defendant's motion to dismiss is **GRANTED.**

The Clerk is directed to strike the case from the active docket of the court, and to send a certified copy of this Order and the attached Memorandum Opinion to all counsel of record.

---

**4.** For instance, a nonparty may be liable for civil contempt. *See Stotler & Co. v. Able,* 870 F.2d 1158, 1164 (7th Cir.1989) ("... [O]rdinarily a court may find a nonparty in contempt if that person 'has actual knowledge' of the court order and 'either abets the [party named in the court order] or is legally identified with him.' ") (quoting *Quinter v. Volkswagen of America,* 676 F.2d 969, 972 (3rd Cir.1982)). *See also SEC v. Homa,* 2004 WL 1474580, 2004 U.S. Dist. LEXIS 8636 (D.Ill. 2004) (finding a nonparty investment company in civil contempt for violating a freeze order, where the company "either transferred the funds knowing full well that they were likely the target of the court's freeze order, or because of extreme negligence never even bothered to make an initial determination as to whether or not the funds were frozen by the court's order.").