# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

VAP Union Square, L.L.P.

v.

Cardinal Point, Inc.,
and Andrew Ritchie

September 7, 2015

Case No. CL 12-170

BY JUDGE RICHARD E. MOORE

I have read, re-read, and given consideration to the pleadings in this case, including the various memoranda, as well as my notes. I have given consideration to all of your arguments from the hearing on March 24, 2015, and to pertinent case authority.

This case presents essentially questions of the interpretation of contractual provisions, and points of contract law revolving around the design of an HVAC unit installed in a restaurant located in New York City.

It is my view that the Demurrer should be sustained in part and overruled in part.

The Court's reasons for this ruling are discussed below.

## Procedural Posture

Plaintiff VAP Union Square, L.L.C., ("Vapiano") originally filed its Complaint on May 22, 2012. After other proceedings, Plaintiff filed its Amended Complaint on April 15, 2014. On July 29, 2014, Defendants filed their Demurrer to the Amended Complaint.

The Amended Complaint contains four counts: I: Breach of Express Contract against Defendant Cardinal Point, Inc. ("CPI"), II: Breach of Implied Contract against CPI, III: Breach of Implied Contract against Defendant Ritchie, and IV: Professional Negligence against CPI and Ritchie.

Defendants demurred to all four counts. Plaintiff then filed, on March 17, 2015, a "Memorandum in Opposition to Defendants' Demurrer," and Defendants filed, on March 24, 2015 (the date of argument on the Demurrer), a "Memorandum in Response to Plaintiff's Opposition to Defendants' Demurrer."

## Summary of the Facts

The Summary of the Facts is compiled mainly from the facts alleged in the Complaint and from the parties' memoranda.

Between October and December 2009, CPI entered into three contracts with Christophe Scherman, "President and CEO." None of the contracts lists, states, or recites what he is the President and CEO of. The contracts are each headed "Vapiano Franchisee Location." The first paragraph of each presents the contract for acceptance, but it does not say to whom the offer is made or who may accept it. The letter proposal is sent to Mr. Scherman not as an officer of Vapiano, but as a member of his firm. Nevertheless the provisions of the contract clearly show "Vapiano Franchisee" to be the other party, and they create obligations in that party, and the person signing the contract is to be signing on behalf of that party (e.g., "By signing this contract, VF understands that they are guaranteeing payment to CPI under this agreement.").

The contract relates to a project for the design and planning of a Vapiano Franchisee restaurant. CPI was to design an HVAC unit to be used in a restaurant to be operated by a Vapiano Franchisee. Plaintiff asserts that the HVAC was the subject of faulty design and thus breached express and implied contracts, as well as professional duties, and that as a result it suffered damages.

## Standard of Review

A demurrer tests whether a motion for judgment or complaint sufficiently states a cause of action for which relief may be granted. *Grossman v. Saunders*, 237 Va. 113, 119, 376 S.E.2d 66, 69 (1989). In ruling on a demurrer, a court considers the legal sufficiency of the pleadings and not

the strength of the proof and considers the facts in the light most favorable to the plaintiff. *Glazebrook v. Board of Supervisors of Spotsylvania County,* 266 Va. 550, 554, 587 S.E.2d 589, 591 (2003); *Welding, Inc. v. Bland Cnty. Service Auth.,* 261 Va. 218, 226, 541 S.E.2d 909, 913 (2001); *Luckett v. Jennings,* 246 Va. 303, 307, 435 S.E.2d 400, 402 (1993). A court considers as admitted all facts expressly or impliedly alleged or that may fairly and justly be inferred from the facts alleged. *Glazebrook,* above; *Luckett,* above; *Grossman,* above; and cases cited therein.

Virginia is a "notice pleading" state. The key is adequate notice of the basis for the claim. As long as the claim contains sufficient allegations of material fact so as to inform the Defendant of the nature and character of the claim, it will withstand a demurrer. *CaterCorp, Inc. v. Catering Concepts, Inc.,* 246 Va. 22, 24, 431 S.E.2d 277, 279 (1993). The pleadings must set forth sufficient facts to constitute a foundation in law for the judgment sought, not simply conclusions of law. *Kitchen v. City of Newport News,* 275 Va. 378, 385, 657 S.E.2d 132, 136 (2008) (citing *Hubbard v. Dresser, Inc.,* 271 Va. 117, 122, 624 S.E.2d 1, 4 (2006)). A complaint will withstand demurrer if it is drafted in such a way that the defendant is on notice of the "true nature" of the claim; the allegations may be supplemented in discovery. *Fein v. Payandeh,* 284 Va. 599, 607-08, 734 S.E.2d 655, 660 (2012); Rule 1:4(d), Rules of the Virginia Supreme Court.

*Analysis*

A. *Count I: Breach of Express Contract: CPI*

The first question presented by the defendants' Demurrer is whether Plaintiff VAP Union Square, L.L.C., has sufficiently pleaded that it had an express contract with the defendant, Cardinal Point, Inc. Plaintiff argues that VAP Union Square was a party to the contract because it is the "Vapiano Franchisee" intended by the parties, that the "Vapiano Franchisee" language used in the contract was a "placeholder" intended to refer to VAP Union Square, L.L.C. (which was incorporated after the contract was signed), and that, at the time the contract was signed, both parties to the contract knew that the "Vapiano Franchisee" label referred to VAP Union Square, L.L.C. This is evidenced by Vapiano's CEO signing the contracts on behalf of the "Franchisee." In the alternative, Plaintiff argues that it clearly was a third-party beneficiary of the contract made between CPI and "a Vapiano Franchisee".

Defendants argue that VAP Union Square was not a party to the contract because it is never named and was not even in existence at the time the contract was entered into. Defendants also say Plaintiff admitted in discovery that Plaintiff was not a party to two of the contracts, but without agreement of counsel I do not believe I should consider such in ruling on

the Demurrer. Plaintiffs counter that (1) a party can enter into a contract before it actually comes into existence, and "a Vapiano Franchisee" was a known placeholder, and, in any event, (2) even if it was not a stated party, it was clearly an intended beneficiary of the contract, so the claims can go forward. I find that Plaintiff has pleaded sufficient facts to survive a demurrer on its breach of express contract claim against the Defendant.

A third party may sue to enforce the terms of a contract even though he is not a party to that contract if the contracting parties intended that the contract benefit, "in whole or in part," that third party. Virginia Code § 55-22. The third party must show that the contracting parties "clearly and definitely intended that the contract confer a benefit" upon him. *Caudill v. County of Dinwiddie*, 259 Va. 785, 793 (2000). Furthermore, pre-incorporation contracts can be binding even when the corporation does not yet exist. *T. G. Slater and Son v. The Donald P.*, 385 F.3d 836 (4th Cir. 2004), and cases cited therein.

Defendants correctly assert that the language of the contract does not explicitly include VAP Union Square, L.L.C., as a party to the contract. CPI also argues that the signature of Mr. Christophe Scherman, as CEO of Vapiano, is not enough to make the corporation a third-party beneficiary to the contract. Furthermore, the contract does not state that CPI entered into a contract with a "Vapiano Franchisee" with the intent of conferring a direct benefit on the Plaintiff. However, the provisions and terms of the contract itself, taken as a whole, could support a conclusion that, if VAP Union Square was not a party to the contract (because it was not a signatory of the contract), it nevertheless, whether or not is it understood to be "VF," clearly was the intended beneficiary of the contract.

However, whether VAP Union Square is a party to the contract, whether both parties knew or agreed to this, or whether they were a third-party beneficiary are factual questions, subject to evidentiary proof. I find that the allegations are sufficiently pleaded for the defendant to know what Plaintiff's claim is and how to respond to it. If VAP Union Square was understood to be a party to the contract or was an acknowledged third-party beneficiary, the suit may proceed, but there needs to be evidence on this point, and thus it would be improper to sustain the Demurrer. And these issues could be the subject of a bill of particulars or further discovery. Specifically, paragraphs 11, 12, 13, 14, 15, and 16 in the complaint are factual allegations that, if true and proved, could support the conclusions contained in paragraph 17 and Plaintiff's claim.

After reviewing the Amended Complaint, the contracts, and the applicable law, the Court finds that the Plaintiff provides enough information to suggest that the meaning behind, and the parties' understanding of, "Vapiano Franchisee" in the contract is a question of fact, proper for a further evidentiary hearing. The Court finds that it would be an issue for the fact finder, and not a solely legal issue, whether VAP Union Square was a

party to the contract, a legitimate placeholder, or a third-party beneficiary. I also find it is subject to dispute whether any benefit to VAP Union Square was merely incidental. But I believe that the Plaintiffs have pleaded enough facts to make clear the basis of their claim.

It is also a factual issue whether Christophe Scherman signed in his own right, individually, and not as an agent of VAP. (This is the issue raised by statements by Vapiano in the Kentucky case, pages 2, 3, 4 of Memorandum in Support of Defendant's Motion To Dismiss, that VAP was not a party to the contracts. Whether this implicates *res adjudicata* or collateral estoppel/ issue preclusion, or could be asserted in a plea in bar or be fatal at trial, are not before the Court on the Demurrer.)

Accordingly, the Court overrules the Defendant's Demurrer on Count I.

## B. *Count II: Breach of Implied Contract: CPI*

The second question presented by the Defendants' Demurrer is whether the Plaintiff sufficiently pleads a cause of action for breach of an implied contract against CPI. I find that the Plaintiff has presented enough factual allegations and information to overrule and dismiss the Demurrer on its breach of implied contract claim against the Defendant, CPI, except as to one point. I will overrule the Demurrer as to Count II in part, and sustain it in part, as discussed below, but will allow twenty-one days for Plaintiff to re-plead this count if they wish to.

A contract implied in fact is "a true contract containing all necessary elements for a binding agreement except that it has not been committed to writing or stated orally in express terms, but rather is inferred from the conduct of the parties in the circumstances." *In re Fas Mart Convenience Stores, Inc.,* 320 B.R. 587, 595 (Bankr. E.D. Va. 2005). An implied contract is established when (1) a benefit is conferred upon the Defendant by the Plaintiff, (2) there is knowledge of the benefit by the Defendant, and (3) it would be unfair for the Defendant to obtain this benefit without paying for its value. *In re Fas Mart,* at 595. This type of contract must be based upon clear evidence of the parties' intent to contract and not upon the parties' course of dealing. *Id.* at 595, and cases cited therein. It is alleged that, by their conduct, CPI and VAP Union Square evidence an agreement in fact, even if VAP Union Square was not a named party to the written contract.

The Plaintiff argues that if there was no enforceable express contract, there was an implied contract between it and the Defendant for CPI to design an HVAC system that complied with local regulations and industry standards. In response, the Defendant argues that the Plaintiff cannot argue for both an express and an implied contract. The Defendant argues that the Plaintiff's complaint only alleges a course of dealing between the two parties, which is not enough to establish an implied contract. Furthermore, CPI argues that Vapiano is trying to circumvent the express contract by arguing the existence of an implied contract. The Court does not accept the

exclusivity of the express/implied contract theories as a reason to sustain the Demurrer or bar the implied contract count.

At this time, the Court will not extend the precedent offered by the Defendant in *Southern Biscuit Co. v. Lloyd*, 174 Va. 299 (1940). While it is true that "an express contract precludes the existence of an implied contract of a different nature containing the same subject matter," and "[t]he rights of the parties are to be determined by the provisions of the express contract, and the law will not imply an agreement in contravention thereof," *Southern Biscuit*, 174 Va. at 311; nevertheless, in this case, there is still an issue as to whether an express contract exists. *See Santa Fe, Ltd. P'ship, L.L.C. v. Hollywood Associates, L.L.C.*, 48 Va. Cir 357 (1999). Because there are factual issues that still need to be resolved in reference to the express contract or the implied contract, it would be premature to dismiss, on this ground, the Plaintiff's claims based on an implied contract, for the reasons asserted.

Therefore, this Count appears to be sufficient, as an alternative theory, to withstand a demurrer despite the fact that the theories are contradictory.

The Plaintiffs are permitted to allege in their Complaint alternative theories that may conflict, which appears to be what they did in Count II. Rule 1:4(k) states:

> A party asserting . . . a claim . . . may plead alternative facts and theories of recovery . . . provided that such claims . . . arise out of the same transaction or occurrence. . . . A party may also state as many separate claims . . . as he has regardless of consistency and whether based on legal or equitable grounds.

As a result, it is permissible for the Plaintiff to allege in one count that there is an express contract, and then allege in another count that, if the express contract is not valid or if there is no express contract or the Plaintiff is not a party to the express contract, relief is nonetheless available because there was an implied contract. While it is true that an implied contract cannot be in contravention of the express contract, this is a matter for the fact-finder.

However, in the Court's view, the Amended Complaint does not allege enough specific facts as the basis for the implied contract. Course of dealing is not enough; much of Plaintiff's language is conclusory. Specifically, there must be sufficient facts pleaded from which it may be concluded that the parties intended there to be a contract. Much of the pleading on this Count goes to the fairness of outcome assuming there was an implied contract.

While the Amended Complaint does provide some factual information regarding this claim, the Court finds that it does not give enough information on which the implied contract is based; there is, however, sufficient information alleging that CPI breached such an implied contract, if one existed.

So I will overrule the Demurrer as to Count II on all other grounds (express/implied contract inconsistency), but will sustain it on the lack of specific facts upon which the implied contract (and specifically the parties' intent) was based. But I will allow Plaintiff twenty-one days in which to file a further amended pleading as to Count II if it be so inclined.

## C. *Count III: Breach of Implied Contract: Ritchie*

The third question presented in the Defendants' Demurrer is whether the Plaintiff sufficiently pleads a cause of action against Mr. Andrew Ritchie for breach of implied contract. I find that Plaintiff has failed to allege sufficient facts to survive a demurrer on its breach of implied contract claim against Mr. Ritchie.

The Plaintiff asserts an alternative claim for breach of implied contract against Mr. Ritchie. Vapiano argues that, if the Court does not find an implied contract with CPI, it could potentially find an implied contract between Vapiano and Mr. Ritchie because he acted independently of his role as an agent for CPI. The Defendants argue that there was no implied contract between Vapiano and CPI (Count II) or Vapiano and Mr. Ritchie (Count III). Furthermore, Defendants argue that Mr. Ritchie was working within the scope of his employment as an agent of CPI and, therefore, cannot be held individually liable for the obligations of CPI.

*Richmond Union Pass. Ry. Co. v. New York Sea Beach Ry.*, 95 Va. 386, 395 (1897), establishes that, where an agent makes full disclosure of the fact of his agency and the name of his principal and contracts only as the agent of the named principal, he incurs no personal responsibility. There were no facts pleaded to justify the allegations of personal liability on behalf of Ritchie, no facts to show he acted independently, but mere assertions which are not sufficient to withstand a demurrer.

The complaint itself identifies Mr. Ritchie only as the sole member, President, and Chief Executive Officer of CPI. It further states that he is an "agent" with authority to enter into contracts "on behalf of" CPI. Paragraphs 52 and 53 are conclusions with no factual basis. There is no provision in the contract, nor any pleaded fact supporting or affirming any personal liability on behalf of Ritchie, or that he was acting in a personal capacity. In fact, paragraph 55 asserts that Plaintiff paid for his services by making a payment to CPI. There would be no reason to pay CPI for services performed by Ritchie unless he was only acting on behalf of CPI, and not personally.

The Court finds that Plaintiff does not provide any factual basis or sufficient information from which to allege that there was an implied contract between Vapiano and Ritchie, so there was no (implied) contractual duty to be breached. Accordingly, the Court sustains the Defendants' Demurrer on Count III.

## D. *Count IV: Breach of Professional Duty: CPI and Ritchie*

Finally, I find that the Demurrer as to the professional negligence claim, as pleaded, should be sustained at this time. The question for this inquiry is whether Plaintiff will be able to recover on a professional negligence claim under either Virginia or New York law.

"Absent privity of contract, Virginia's economic loss rule precludes the recovery of damages in a negligence action based on economic loss alone" (in contrast to personal injury or property damage). *Terry v. Bank of America*, 350 F. Supp. 2d 727, 729 (W.D. Va. 2004); *Richmond Met. Auth. v. McDevitt, Street, Bovis, Inc.*, 256 Va. 553, 558-59 (1998); *Sensenbrenner v. Rust, Orling & Neale*, 236 Va. 419, 424-25 (1988) (citing *Kamlar Corp. v. Haley*, 224 Va. 699, 706 (1983)); *Blake Construction Co. v. Alley*, 233 Va. 31, 34-35 (1987). In *Pender Veterinary Clinic v. Patton, Harris, Rust & Assoc.*, 22 Va. Cir. 237 (1990), the Fairfax County Circuit Court reiterated that damages for economic loss may be redressed only by the law of contracts, citing *Rotonda Cond. Owners v. Rotonda Assoc.*, 238 Va. 85, 90 (1989), and *Sensenbrenner*, and stating that negligence in the performance of duties imposed by contract is governed by the law of contracts. They ruled that a structurally deficient building is an economic loss, not a tort.

In the absence of agreement on the applicable law, the law will be selected based on Virginia's conflict of laws principles. Va. Code Ann. § 8.1A-301(C). Under Virginia choice-of-law principles, if a claim is characterized as a tort claim, the doctrine of *lex loci delicti* applies, while, if a claim is characterized as a contract claim, the contract is governed by the law of the place where the contract was made. *Ryder Truck Rental, Inc. v. UTF Carriers, Inc.*, 790 F. Supp. 637, 641 (W.D. Va. 1992). Furthermore, everything relating to the making of a contract is to be governed by the law of the place where it was made, and everything relating to the performance of the contract is to be controlled by the law of the place of performance. *In re Poli*, 298 B.R. 557, 561 (Bankr. E.D. Va. 2003), and cases cited therein.

Plaintiff argues that Vapiano has a claim for professional negligence under New York law. New York law allows for claims arising from the same incident to stem from both tort and contract law. Plaintiff asserts that the Virginia economic loss rule does not apply because the injuries in this case took place in New York and economic losses are recoverable for professional negligence under New York law.

Defendants argue that, under Virginia law, the Plaintiff cannot file a tort claim for an injury arising out of a contract claim. Virginia's economic loss rule bars professional negligence claims and prevents the Plaintiff from recovering on purely economic losses. Furthermore, the Defendants argue that the Plaintiff has failed to show that New York law applies to this case or that the Plaintiff sufficiently pleads a cause of action under New York law. It asserts that the performance was the design, not the manufacture or

installation, and that both the place of contract and the place of performance was Virginia.

After reviewing the Amended Complaint, the documents, and applicable law, the Court finds that, while the Plaintiff provides enough information to suggest that the issue of professional negligence is a valid count if New York law applies, I find that Plaintiff has not pleaded any facts for the Court to rule that New York law in fact applies in this case; specifically, he has pleaded no specific facts as to where the contract was formed, entered into, or performed. In the absence of such, in my view, Virginia law would apply and the economic loss rule would be a bar to this claim. For this reason, I sustain the Demurrer, at this point, as to Count IV, but I will allow Plaintiff twenty-one days to file an amended pleading to allege sufficient facts for the Court to conclude that New York law applies under the facts of this case.

Plaintiff's argument that the injury was in New York so it is a tort claim, is a tautology, and begs the question whether it is in fact a valid tort claim or simply a contract claim where some of the consequential damages were felt in New York. If it is a contract claim only and the place of contract and performance are Virginia, and Virginia law applies, then Count IV cannot go forward under Virginia law. The Court does not know enough to determine whether Virginia or New York law applies, so otherwise, I would have overruled the Demurrer in favor of additional evidence on the point, but I agree with Defendants that Plaintiff has not pleaded enough specific facts to keep this issue alive at this point. Though Virginia is a notice pleading state, I do not think that Plaintiff has pleaded enough facts to put Defendants on notice that New York law applies.

## Conclusion

In summary, I find that a further evidentiary hearing is necessary to establish whether the Plaintiff has a claim for breach of an express contract. Also, until the express contract claim is decided, it is improper to sustain a demurrer on an implied contract claim simply because it is in conflict with the alternative theory of express contract, but insufficient facts are pleaded to support the implied contract. Also, there is no factual basis to support an implied contract against Ritchie. Finally, a further hearing would be necessary to decide the conflict of law issue and the professional negligence claim, but Plaintiff has not pleaded sufficient facts to show New York law applies.

The Demurrer is, therefore, overruled with respect to Count I. I sustain in part and overrule in part the Demurrer as to Count II, with leave to file an amended complaint within twenty-one days, if Plaintiff so chooses. The Demurrer is sustained as to Count III. The Court is sustaining the Demurrer on Count III, because, by Plaintiff's own words, Mr. Ritchie was acting within the capacity of his employment as an agent of the Defendant. The

Demurrer is sustained as to Count IV, but Plaintiff is allowed to file an amended pleading within twenty-one days if it so chooses.